## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARY LLOYD, As Special Administrator of The Estate of PHILLIP LLOYD, Deceased, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| -v- | ) ) | No. |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants Aurelius Cole and Johnny Holmes remove of this action from the Circuit Court of Cook County, Illinois, under 28 U.S.C. § 1441, *et seq*., and state:

1.       Plaintiff filed this action on November 16, 2007.  (Ex. A.) The original four-count complaint purported to state only state law wrongful death and survival claims.  (*See* Ex. A.)

2.       Defendants were served with the Summons and Complaint on January 23, 2008. (Ex. B).

3.       Defendants timely appeared in the state court and Defendant Holmes moved to dismiss the action.  (Exs. C, D & E.)

4.       In response to Defendant Holmes' motion, Plaintiff sought and was granted leave to amend her complaint. (Ex. F & G).  On May 6, 2008, Plaintiff filed and served her first amended complaint on Defendants. (Ex. H).

5.       Plaintiff brings amended counts III and IV under 42 U.S.C. § 1983, seeking redress for Defendants' alleged violations of decedent's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  (Ex. H).

6.    No further proceedings have occurred in the state court.

## Jurisdiction

7.    This court has original jurisdiction over the § 1983 claims asserted in the amended complaint under 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1337.

## Notice of Removal is Timely Filed and Venue is Proper

8.    The action became removable on May 6, 2008, upon filing and service of plaintiff's amended complaint and Defendants remove this action within 30-days, as required under 28 USC § 1446(b).

9.    As this case was originally filed in Cook County, Illinois, venue is proper in this court under 28 U.S.C. § 93(a)(1).

WHEREFORE, Defendants remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully Submitted,


  /s/ Anastasios T. Foukas
  Gregory E. Rogus, Esq. (IL# 03128154)
  Anastasios T. Foukas, Esq. (IL# 06281404)
  Segal McCambridge Singer & Mahoney, Ltd.
  Sears Tower – Suite 5500
  233 South Wacker Drive
  Chicago, IL  60606
  (312) 645-7800
  *Attorneys for Defendants Aurelius Cole and Johnny Holmes*

## <u>CERTIFICATE OF SERVICE</u>

I, Anastasios T. Foukas, attorney of record for Defendants Aurelius Cole and Johnny Holmes, certify that, I caused a true and correct copy of the document to be served on Plaintiff's counsel, Law Offices of Todd A. Heller & Associates, 707 Lake Cook Road  #316, Deerfield, IL 60015, by enclosing a copy of same in an envelope and depositing same in the U.S. Mail Chute at 233 South Wacker Drive, Chicago, Illinois on this 9th day of May, 2008, with the proper postage affixed thereto a copy is also available via the Court's ECF filing system.

By: _____ /s/ Anastasios T. Foukas _____

01/28/2008 06:28 FAX

IPST-3147254317      1/28/2008 2:59     PAGE 004/010    Fax Server

FROM : VILLAGE OF ROBBINS MAYORS OFFI   PHONE NO. : 708 385 0542        Jan. 25 2008 06:22PM P3

Page 4 of 10 Received on 1/28/2008 1:59:49 PM [US Mountain Standard Time]

File No. 061121-A
STATE OF ILLINOIS      )
                       )ss.                    Attorney Number 24947
COUNTY OF COOK         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, as Special Administrator of the      )
Estate of PHILLIP LLOYD, deceased,               )
                                                 )
                Plaintiff,                       )
                                                 )
        v.                                       )        No.
                                                 )
AURELIUS COLE and JOHNNY HOLMES, in his          )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT,                               )
                                                 )
                Defendants.                      )

### COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, MARY LLOYD, as Special Administrator of the Estate of

PHILLIP LLOYD deceased, by and through her attorneys, LAW OFFICES OF TODD A.

HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant,

AURELIUS COLE, states as follows:

1.      Plaintiff, MARY LLOYD, is an adult resident of Cook County, Illinois. She is the
surviving mother of the decedent, PHILLIP LLOYD.

2.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South
Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP
LLOYD was visiting with friends.

3.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South
Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, AURELIUS COLE,
unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, PHILLIP
LLOYD.



EXHIBIT
A

Page 5 of 10 Received on 1/28/2008 1:59:49 PM [US Mountain Standard Time]

4.   Said assault was willful and wanton, and maliciously made against Plaintiff's Decedent, PHILLIP LLOYD.

5.   On November 18, 2006, as a direct and proximate result of Defendant, AURELIUS COLE's aforesaid actions, Plaintiff's Decedent died.

6.   Plaintiff, MARY LLOYD has been appointed special administrator of the estate of PHILLIP LLOYD, deceased, pursuant to the court order attached as Exhibit A.

7.   Pursuant to 740 ILCS 180/1, Plaintiff, MARY LLOYD as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

8.   Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of PHILLIP LLOYD.  Moreover, the estate of PHILLIP LLOYD has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased, prays for judgment against the Defendant, AURELIUS COLE, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT II

NOW COMES the Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant, AURELIUS COLE, states as follows:

1-6.   Plaintiff realleges and reaffirms Paragraphs 1 through 6 of Count I of Plaintiff's complaint as Paragraphs 1 through 6 of Count II.

Page 6 of 10 Received on 1/28/2008 1:59:49 PM [US Mountain Standard Time]

7.     Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of PHILLIP LLOYD, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

8.     Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, AURELIUS COLE, Plaintiff's decedent, PHILLIP LLOYD experienced pain and suffering.

WHEREFORE, Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased, prays for judgment against the Defendant, AURELIUS COLE, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX (550,000.00), plus costs of suit.

## COUNT III

NOW COMES the Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant, JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, states as follows:

1.     Plaintiff, MARY LLOYD, is an adult resident of Cook County, Illinois. She is the surviving mother of the decedent, PHILLIP LLOYD.

2.     On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP LLOYD was visiting with friends.

3.     On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant by its agents and employees, Defendant, AURELIUS COLE, acting within the scope of agency and employment,

FROM : VILLAGE OF ROBBINS MAYORS OFFI   PHONE NO. : 708 385 0542          Jan. 25 2008 06:23PM P6

unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, PHILLIP LLOYD.

4.      Said assault was willful and wanton, and maliciously made against Plaintiff's Decedent, PHILLIP LLOYD.

5.      On November 18, 2006, as a direct and proximate result of Defendant, AURELIUS COLE's aforesaid actions while acting within the Defendant's scope of agency and employment, Plaintiff's Decedent died.

6.      Plaintiff, MARY LLOYD has been appointed special administrator of the estate of PHILLIP LLOYD, deceased, pursuant to the court order attached as Exhibit A.

7.      Pursuant to 740 ILCS 180/1, Plaintiff, MARY LLOYD as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

8.   .   Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of PHILLIP LLOYD.  Moreover, the estate of PHILLIP LLOYD has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased, prays for judgment against the Defendant, JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

### COUNT IV

NOW COMES the Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant,

FROM : VILLAGE OF ROBBINS MAYORS OFFI   PHONE NO. : AM 385 0542    Jan. 25 2008 06:20PM P?

Page 8 of 10 Received on 1/28/2008 1:59:49 PM [US Mountain Standard Time]

JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE
DEPARTMENT, states as follows:

1-6.    Plaintiff realleges and reaffirms Paragraphs 1 through 6 of Count III of Plaintiff's
complaint as Paragraphs 1 through 6 of Count IV.

7.    Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of
PHILLIP LLOYD, deceased, is entitled to bring this action in her capacity as legal representative
of the decedent's estate.

8.    Prior to his death, as a direct and proximate result of the improper and unlawful
actions of Defendant, AURELIUS COLE while acting within the Defendant's scope of agency and
employment, Plaintiff's decedent, PHILLIP LLOYD experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, MARY LLOYD, as Special Administrator of the
Estate of PHILLIP LLOYD deceased, prays for judgment against the Defendant, JOHNNY
HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE
DEPARTMENT, in an amount reasonable and equitable and in excess of the sum of FIFTY
THOUSAND & 00/XX ($50,000.00), plus costs of suit.

LAW OFFICES OF TODD A. HEILER & ASSOCIATES
and SHELDON L. BANKS

BY: _____
Attorneys for Plaintiff

LAW OFFICES OF TODD A. HEILER & ASSOCIATES
and SHELDON L. BANKS
Attorneys for Plaintiff
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
Tele. No. (847) 714-0300
Facsimile No. (847) 714-0310
Atty. No. 24947

IPSI  5147254317          1/28/2008 2:59    PAGE 009/010    Fax Server

File No. 061121-A

STATE OF ILLINOIS            )
                             )ss
COUNTY OF COOK               )

Attorney Number 24947

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, as Special Administrator of the        )
Estate of PHILLIP LLOYD, deceased,                 )
                                                   )
                    Plaintiff,                     )
                                                   )
        v.                                         )        No.
                                                   )
AURELIUS COLE and JOHNNY HOLMES, in his            )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT,                                 )
                                                   )
                    Defendants.                    )

### AFFIDAVIT

I, TODD A. HELLER, as attorney for Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, hereby state that the total money damages sought do exceed $50,000.00.

Further affiant saith not.

_____
TODD A. HELLER

Sworn and subscribed
before me on the 14th of November 2007

_____
Notary Public

ANDREA J. BEER
NOTARY
PUBLIC
STATE OF WISCONSIN

01/28/2008 08:30 FAX                                                                018/018

IPSI 3147254317          1/28/2008 2:59    PAGE 010/010    Fax Server

FROM : VILLAGE OF ROBBINS MAYORS OFFI  PHONE NO. : 708 385 0542        Jan. 29 2008 06:24PM P9

Page 10 of 10 Received on 1/28/2008 1:59:49 PM [US Mountain Standard Time]

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, as Special Administrator of the
Estate of PHILLIP LLOYD, deceased,            )
                                              )
              Plaintiff,                       )
                                              )
        v.                                    )        No.
                                              )
AURELIUS COLE and JOHNNY HOLMES, in his       )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT,                            )
                                              )
              Defendants.                      )

### ORDER

This cause comes before the Court on Petition of MARY LLOYD to be appointed Special Administrator of the Estate of PHILLIP LLOYD, deceased, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. MARY LLOYD is hereby appointed as Special Administrator of the Estate of PHILLIP LLOYD, deceased.

ENTER:

dated at Chicago, Illinois
this ____ day of November 2007

                                        JUDGE

                        ENTERED
                        JUDGE IRWIN J. SOLGANICK-0239

                        NOV 16 2007

                        DOROTHY BROWN
                        CLERK OF THE CIRCUIT COURT
                        OF COOK COUNTY, IL
                        DEPUTY CLERK

### EXHIBIT A

IPSI-3147254317          1/28/2008 2:59      PAGE 003/010      Fax Server

FROM : VILLAGE OF ROBBINS MAYORS OFFI  PHONE NO. : 708 385 0542        Jan. 25 2008 06:21PM P2

*CMC 3-19-08*
*9-30*

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-08 ( ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW                           DIVISION

(Name all parties)

Mary Lloyd, as Special Admin. of Estate of Phillip Lloyd

v.

No. 07 L 012983

Aurelius Cole, and Johnny Holmes, as Chief of the Village of
ROBBINS POLICE DEPT.

Please serve Defendants:
SEE OTHER SIDE

**ALIAS**
**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 24947

Name: Law Ofcs. of Todd A. Heller & Associates

Atty. for: Plaintiff

Address: 707 Lake Cook Road, Suite 316

City/State/Zip: Deerfield, IL 60015

Telephone: 847-714-0300

Service by Facsimile Transmission will be accepted at: ___ 847 __ 714-0310
                                              (Area Code) (Facsimile Telephone Number)

WITNESS, _____ **JAN 1 7 2008**

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**
**B**

08CV2701   EDA
JUDGE ST. EVE

MAGISTRATE JUDGE NOLAN

GER:sd

Firm ID# 13681

3510-931

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, As Special Administrator of
The Estate of PHILLIP LLOYD, Deceased,            )
                                                  )
            Plaintiff,                            )
                                                  )
    -v-                                           )
                                                  )          Court No. 07 L 012983
                                                  )
AURELIUS COLE and JOHNNY HOLMES, in               )
his official capacity as Chief of the Village of  )
Robbins Police Department,                        )
                                                  )
            Defendants.                           )
                                                  )

## APPEARANCE

■ **GENERAL APPEARANCE**  (0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE;
0904 - APPEARANCE FILED; FEE WAIVED)

☐ **SPECIAL AND LIMITED APPEARANCE**   0915 - SPECIAL APPEARANCE - FEE PAID

■ **JURY DEMAND** 1900 - APPEARANCE & JURY DEMAND FEE PAID; 1909 APPEARANCE & JURY DEMAND NO FEE

**The undersigned enters the appearance of:**        ☐  **Plaintiff**  ■ **Defendant(s)**

**AURELIUS COLE and JOHNNY HOLMES**
**(herein sued as "Johnny Holmes, in his official capacity**
**as chief of the Village of Robbins Police Department")**

**SIGNATURE**

■   **INITIAL COUNSEL OF RECORD**        ☐      **PRO SE**

☐    **ADDITIONAL APPEARANCE**          ☐      **SUBSTITUTE APPEARANCE**

A copy of this appearance shall be given to all parties who have appeared and have
not been found by the Court to be in default.

| | |
|---|---|
| **FIRM ID NO.** | 13681 |
| **ATTORNEY NAME** | Gregory E. Rogus, Esq. |
| **FIRM** | SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD. |
| **ATTORNEY FOR** | Defendant Aurelius Cole and Johnny Holmes |
| **ADDRESS** | Sears Tower, Suite 5500; 233 South Wacker Drive |
| **CITY** | Chicago, Illinois 60606 |
| **TELEPHONE** | (312) 645-7800 |

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**

**C**

08CV2701    EDA
JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN
GER:sd

Firm ID# 13681                     3510-931

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, As Special Administrator of  )
The Estate of PHILLIP LLOYD, Deceased,   )
                                          )
            Plaintiff,                    )
                                          )        Court No. 07 L 012983
-v-                                       )
                                          )
AURELIUS COLE and JOHNNY HOLMES, in )
his official capacity as Chief of the Village of )
Robbins Police Department,               )
                                          )
            Defendants.                   )

## NOTICE OF FILING

TO:    Law Offices of Todd A. Heller & Associates
       707 Lake Cook Road #316
       Deerfield, IL 60015

    **PLEASE TAKE NOTICE** that on March 10, 2008, we shall file with the Clerk of the
Circuit Court of Cook County, the Richard J. Daley Center, Chicago, Illinois 60602, Defendant
Aurelius Cole's Answer and Affirmative Defenses to Plaintiff's Complaint at Law, a copy of
which is hereby served upon you.

                                    By: _____
                                        Attorneys for Defendant Johnny Holmes

Firm ID 13681
Gregory E. Rogus, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
(312) 645-7800

## PROOF OF SERVICE

    The undersigned, being first duly sworn on oath, deposes and says that this Notice of Filing and
document herein referred to was served upon all the parties to whom it is directed at their respective
addresses, by enclosing a copy of same in an envelope and depositing same in the U.S. Mail Chute at 233
South Wacker Drive, Chicago, Illinois on this 10th day of March, 2008, with the proper postage affixed
thereto.

                                    _____

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are
       true and correct.

**EXHIBIT
D**

949102

Firm ID# 13681                                          3510-931                                                 GER:sd

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, As Special Administrator          )
of the Estate of PHILLIP LLOYD, Deceased,     )
                                              )
                  Plaintiff,          )
                                              )
          v.                          )          Court No.  07 L 012983
                                              )
AURELIUS COLE and JOHNNY HOLMES, in           )
his official capacity as Chief of the Village of )
Robbins Police Department,                    )
                                              )
                Defendants.        )

## DEFENDANT AURELIUS COLE'S
## ANSWER TO COMPLAINT AT LAW

      NOW COMES Defendant AURELIUS COLE, by his attorney, Gregory E. Rogus and in

Answer to Plaintiff's Complaint at Law, states the following:

### COUNT I

      1.      Defendant is without knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in paragraph 1, and on that basis neither admits

nor denies same, but demands strict proof thereof.

      2.      Defendant admits that Phillip Lloyd was present on the date, at the approximate

time, and at the approximate location alleged, but is without knowledge or information sufficient

to form a belief regarding the truth of the remaining allegations contained in paragraph 2, and on

that basis neither admits nor denies same, but demands strict proof thereof.

      3.      Defendant denies the allegations contained in paragraph 3.

      4.      Defendant denies the allegations contained in paragraph 4.

      5.      Defendant admits that Phillip Lloyd died, but denies the remaining allegations

contained in paragraph 5.

946620

6.     Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 6, and on that basis neither admits nor denies same, but demands strict proof thereof.

7.     Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7, and on that basis neither admits nor denies same, but demands strict proof thereof.

8.     Defendant denies that the heirs at law and next of kin of Philip Lloyd have been deprived of the loss of support, comfort, society, companionship, and affection of Phillip Lloyd as a result of any wrongful act or omission on Defendant's part.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis neither admits nor denies same, but demands strict proof thereof.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in any amount whatsoever.  Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNT II

1-6.     Defendant restates his answers to paragraph 1-6 of Count I as his answers to paragraphs 1-6 of this Count II as if fully set forth herein.

7.     Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7, and on that basis neither admits nor denies same, but demands strict proof thereof.

8.     Defendant denies the allegations of paragraph 8.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNTS III and IV

This answering Defendant makes no response to the allegations contained in Counts III and IV for the reason that said counts are directed solely against Co-Defendant "Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department," and said Co-Defendant has brought a separate motion to dismiss those counts.

## FIRST AFFIRMATIVE DEFENSE

1.     On the date and at the time and place as alleged, Defendant, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2.     While on patrol, Defendant was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3.     One or more members of the group fired weapons at the Defendant.

4.     In responding to the assault and weapons fire, Defendant was engaged in the execution and enforcement of the law.

5.     Pursuant to 720 ILCS 5/7-1, Defendant was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

6.     Defendant's use of force, under the circumstances, was not willful and wanton, or malicious.

7.     Defendant is, therefore, immunized from any liability pursuant to 745 ILCS 10/2-202.

3

## SECOND AFFIRMATIVE DEFENSE

1.      On the date and at the time and place as alleged, Defendant, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2.      While on patrol, Defendant was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3.      One or more members of the group fired weapons at the Defendant.

4.      Pursuant to 720 ILCS 5/7-1, Defendant was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

5.      Defendant's use of force, under the circumstances, was not willful and wanton, or malicious.

6.      Defendant is, therefore, immunized from any liability pursuant to 720 ILCS 5/7-1(b).

## THIRD AFFIRMATIVE DEFENSE

1.      On the date and at the time and place as alleged, Defendant, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2.      While on patrol, Defendant was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3.      One or more members of the group fired weapons at the Defendant.

4.      At the aforesaid time and place, Plaintiff's Decedent Phillip Lloyd willfully and wantonly, and/or maliciously, committed one or more of the following acts or omissions:

>       (a)      Fired a weapon at Aurelius Cole, knowing that Officer Cole was a police officer for the Village of Robbins;

4

(b)   Fired a weapon at Aurelius Cole, without having any legal authorization or justification for doing so;

(c)   Instructed, directed, ordered, encouraged, or requested other persons present to shoot Officer Cole;

(d)   Instructed, directed, ordered, encouraged, or requested other persons present to kill Officer Cole;

(e)   Failed to prevent other persons present from shooting or attempting to shoot Officer Cole;

(f)   Agreed or conspired with other persons present to shoot Officer Cole.

5.   As a result of one or more of the willful and wanton, or malicious acts or omissions, described above, Plaintiff's Decedent Phillip Lloyd contributed to causing his own injuries and death.

6.   Phillip Lloyd's contributory fault constituted more than 50% of the proximate cause of the injuries or damages for which recovery is sought.

7.   The Plaintiff is barred from recovering any damages, pursuant to §2-1116 of the Code of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

1-5.   Defendant restates paragraphs 1-5 of the Third Affirmative Defense as paragraphs 1-5 of this Fourth Affirmative Defense as though fully set forth herein.

6.   If the trier of fact finds that Phillip Lloyd's contributory fault is not more than 50% of the proximate cause of the injuries or damages for which recovery is sought, any damages to be awarded shall be diminished in the proportion to the amount of fault attributable to Phillip Lloyd.

WHEREFORE, Defendant AURELIUS COLE denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

Segal McCambridge Singer Mahoney, LTD.

BY: _____

Attorneys for Aurelius Cole

Firm ID 13681
Gregory E. Rogus, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL  60606
(312) 645-7800

6

Firm ID# 13681

3510-931

JUDGE ST. EVE

MAGISTRATE JUDGE NOLAN
GER:sd

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARY LLOYD, As Special Administrator of The Estate of PHILLIP LLOYD, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 07 L 012983 |
| -v- | ) | |
| | ) | |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

FILED-2
2008 MAR -4 PM 3: 57
DOROTHY BROWN
CLERK
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

## NOTICE OF MOTION

TO:　Law Offices of Todd A. Heller & Associates
　　　707 Lake Cook Road #316
　　　Deerfield, IL 60015

PLEASE TAKE NOTICE THAT that on _March 11_, 2008, at _9:30_ a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Thomas P. Quinn, or any Judge sitting in his stead, in Courtroom 2202 of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, IL 60602, and then and there present **Defendant Johnny Holmes' Motion to Dismiss Pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure**, a copy of which is hereby served upon you.

By: _____
Attorneys for Defendant Johnny Holmes

Firm ID 13681
Gregory E. Rogus, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
(312) 645-7800

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that this Notice of Motion and document herein referred to was served upon all the parties to whom it is directed at their respective addresses, by enclosing a copy of same in an envelope and depositing same in the U.S. Mail Chute at 233 South Wacker Drive, Chicago, Illinois on this _4th_ day of March, 2008, with the proper postage affixed thereto.

_____

[X]　Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct.

932127-1

**EXHIBIT**
**E**

Firm ID# 13681                               3510-931                                GER:sd

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, As Special Administrator of    )
The Estate of PHILLIP LLOYD, Deceased,      )
                                            )
            Plaintiff,                      )
                                            )
    vs.                                     )    Court No.  07 L 012983
                                            )
AURELIUS COLE and JOHNNY HOLMES, in )
his official capacity as Chief of the Village of    )
Robbins Police Department,                  )
                                            )
            Defendants.                     )



## DEFENDANT JOHNNY HOLMES' MOTION TO DISMISS
## PURSUANT TO SECTION 2-619.1 OF THE ILLINOIS CODE OF CIVIL PROCEDURE

Now comes Defendant Johnny Holmes (herein sued as "Johnny Holmes, in his official capacity

as Chief of the Village of Robbins Police Department") by his attorney Gregory E. Rogus, and hereby

moves the Court to dismiss Counts III and IV of Plaintiff's Complaint.  Defendant respectfully submits

that both counts fail to state a cause of action under applicable Illinois law, and in particular 745 ILCS

10/2-204, and therefore must be dismissed pursuant to §2-615 of the Illinois Code of Civil Procedure.  In

the alternative, Defendant Holmes is immunized from any liability under the facts as alleged in those

counts by virtue of 745 ILCS 10/2-204, and on that basis, Counts III and IV must be dismissed pursuant

to §2-619 of the Code.  In support of this motion, Defendant states the following:

### BACKGROUND

1.      Plaintiff, in her capacity as special Administrator of the Estate of Phillip Lloyd, has filed

a four-count Complaint at Law against Robbins Police Officer Aurelius Cole and Robbins Police Chief

Johnny Holmes seeking money damages for the November 18, 2006 shooting death of Phillip Lloyd by

Officer Cole.  Counts I and II are directed only against Officer Cole, who has separately answered them,

and are not addressed by the present motion.

2.      In Count III, Plaintiff alleges that "Defendant by its agents and employees, Defendant,

Aurelius Cole, acting within the scope of agency and employment, unlawfully, violently, and wrongfully

944416

assaulted, shot, and killed Plaintiff's Decedent, Phillip Lloyd." (Ct. III, ¶3.)  Plaintiff further alleges this was done willfully, wantonly, and maliciously, and while Officer Cole was acting within the Defendant's scope of agency and employment.   (Ct. III, ¶¶4, 5.)  Under Count III, Plaintiff seeks wrongful death damages against "Defendant Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department."  In Count IV, Plaintiff incorporates the allegations of Count III and seeks damages pursuant to 755 ILCS 5/27-6 against "Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department."

3.    Neither Count III nor Count IV contains any factual allegations of separate and/or independent wrongful conduct committed individually by Chief Holmes.  Instead, the sole basis of liability asserted against the Chief is *respondeat superior*.

## ARGUMENT

I.    **Counts III and IV are insufficient as a matter of law, and therefore must be dismissed pursuant to §2-615.**

The only two Defendants in this case are Officer Cole and Chief Holmes.  Furthermore, Plaintiff's Complaint is based solely on Illinois law.  The Plaintiff has not asserted any claim against either Defendant under federal law.  This latter point is significant, insofar as the Plaintiff has borrowed language from the federal arena, namely suing Chief Holmes "in his official capacity as Chief of the Village of Robbins Police Department."  That language, however, has no legal significance under Illinois law, at least insofar as it purports to create or support a cause of action *against the Chief.*

In federal litigation brought against police officers and officials pursuant to 42 U.S.C. §1983, the term "official capacity" has a particularized meaning.  A Section 1983 action against an official in his official capacity is treated as a suit against the governmental entity that employs the defendant.   See *Gilchrest v. Kane County Correctional Center*, 48 F. Supp.2d 809, 814 (N.D. Ill. 1999), citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 56 L.E.2d 611 (1978); *Wilson v.*

*Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("An official-capacity suit is not against the official as an individual; the real party in interest is the entity.")[1]

In tort actions brought against police officers and officials under Illinois law, there is no legal counterpart to this concept. If a plaintiff intends to sue a municipal entity, he or she must explicitly name that entity as a defendant. There is no "back-door" approach to asserting a claim against a governmental entity by naming one of its employees as a defendant "in his official capacity." Consequently, since Plaintiff here has not named the Village of Robbins itself as a defendant, Plaintiff's purported causes of action contained in Counts III and IV are directed solely at Police Chief Holmes.

Both Counts seek to hold Chief Holmes liable based solely on the actions of Officer Cole. Count III reiterates the allegation from Counts I and II that it was Officer Cole who shot and killed Phillip Lloyd. Plaintiff characterizes Officer Cole as *Defendant's* "agent and servant" and asserts that the Officer was acting within the scope of agency and employment. Count IV simply "realleges and reaffirms" these paragraphs from Count III.

As such, both counts are insufficient as a matter of law to state a cause of action. Tort claims against governmental employees, including police officials, are controlled by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et. seq.* Section 2-204 of the Act provides:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

This provision means, among other things, that a police chief cannot be held liable under Illinois law for the acts or omissions of a police officer under his command. See *Means v. City of Chicago*, 535 F. Supp. 455, 465 (N.D. Ill. 1982) (Statute on its face prohibits defendant city police superintendent from

---

[1] To the extent the Plaintiff here intends to borrow additional concepts from federal law, it should be noted that a §1983 claim cannot be brought against a municipality (and, therefore, cannot be brought against an individual defendant in his "official capacity") based on *respondeat superior*. *Gilcrest, supra*, at 814. Furthermore, it is also well settled that the doctrine of *respondeat superior* may not be employed to impose §1983 liability on a supervisor for the conduct of a subordinate that violates a citizen's constitutional rights. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994), citing *Monell, supra*, at 691.

being held liable for shooting done by subordinate officers); *Clark v. City of Chicago*, 595 F. Supp. 482, 487 (N.D. Ill. 1984) ("… [t]he *Means* reading of Act ¶ 2-204 (the only sensible one) insulates [the police superintendent and another supervisor] from such liability…"); *Eiland v. Hardesty*, 564 F.Supp. 930, 934 (N.D. Ill. 1982) (Allegation explicitly stating that police superintendent was acting within the scope of employment at all times material to complaint requires dismissal of count against superintendent because, under §2-204, he cannot be liable for subordinate officer's shooting of plaintiff).

Since Counts III and IV are directed solely against Chief Holmes and are based solely on *respondeat superior*, and since §2-204 of the Tort Immunity Act disallows such actions, both counts must be dismissed pursuant to §2-615 as legally insufficient to state a claim against the Chief.

## II.    Chief Holmes is immunized from liability under 745 ILCS 10/2-204.  Therefore, in the alternative, Counts III and IV must be dismissed pursuant to Section 2-619.

Section 2-619(a) of the Code of Civil Procedure provides in pertinent part:

> Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds …

> (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim.

Here, the Tort Immunity Act, which legislatively provides various defenses and immunities to governmental employees and officials (see 745 ILCS 10/1-101.1(a)), affirmatively bars Plaintiff's purported cause of action against Chief Holmes.  Under §2-204 of the Act, as set forth in the preceding section, Chief Holmes is immunized against any tort claims for injuries that are allegedly "caused by the act or omission of another person."  The case law cited above (*Means*, *Clark*, and *Eiland*) readily demonstrates that the term "another person" includes a subordinate police officer under the command of a supervisory officer or official, and the phrase

"caused by the act or omission of another person" encompasses occurrences such as a shooting in the line of duty by the subordinate officer.

Since Plaintiff seeks to hold Chief Holmes liable solely because of Officer Cole's line-of-duty shooting of Phillip Lloyd, Chief Holmes is statutorily immunized from liability under the facts and circumstances as alleged in the Complaint. The Chief is, accordingly, entitled to dismissal of Counts III and IV pursuant to §2-619.

## CONCLUSION

For the foregoing reasons and based upon the authorities cited, Defendant Johnny Holmes requests entry of an order dismissing Counts III and IV of the Plaintiff's Complaint at Law pursuant to §2-615 and/or pursuant to §2-619.

SEGAL McCAMBRIDGE SINGER MAHONEY, LTD.

BY: _____

Attorneys for Defendant Johnny Holmes

Firm ID 13681
Gregory E. Rogus, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL  60606
(312) 645-7800

08CV2701 EDA
JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN
Attorney Number 24947

File No. 061121-A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, as Special Administrator of the )
Estate of PHILLIP LLOYD, deceased, )
)
Plaintiff, )
)
v. ) No. 2007 L 12983
)
AURELIUS COLE and JOHNNY HOLMES, in his )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT, )
)
Defendants. )

### PLAINTIFF'S REQUEST FOR LEAVE TO FILE HER FIRST AMENDED COMPLAINT AT LAW IN LIEU OF RESPONDING TO DEFENDANT, JOHNNY HOLMES' MOTION TO DISMISS PURSUANT TO SECTION 2-619.1

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of**

**PHILLIP LLOYD deceased,** by and through her attorneys, LAW OFFICES OF TODD A.

HELLER & ASSOCIATES and SHELDON L. BANKS, and hereby requests leave to file her First

Amended Complaint at Law, a copy of which is attached hereto, in lieu of responding to Defendant,

Johnny Holmes' Motion to Dismiss Pursuant to Section 2-619.1.

LAW OFFICES OF TODD A. HELLER & ASSOCIATES
and SHELDON L. BANKS

BY: _____
Attorneys for Plaintiff

LAW OFFICES OF TODD A. HELLER & ASSOCIATES
and SHELDON L. BANKS
Attorneys for Plaintiff
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
Tele. No. (847) 714-0300
Facsimile No. (847) 714-0310
Atty. No. 24947



EXHIBIT
F

Order

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

#5

_Floyd_

v.

No. 07 L 12953

_Cole_

## ORDER

This cause came before the court on Plaintiff's Motion to
Leave to File her Amended Complaint, and to set the hearing
date, due notice having been given and the court being fully
advised in the premises;

IT IS HEREBY ORDERED:

1. the Plaintiff is hereby granted leave to file her
Amended Complaint, instanter;

2. the Hearing on Defendant's Motion to Dismiss on May
6, 2008 at 10:00 a.m. is hereby stricken, and
the Defendant is hereby granted 28 days (June 3, 2008)
in which to answer or otherwise plead.

| | |
|---|---|
| Atty. No.: | |
| Name: | |
| Atty. for: | ENTERED: JUDGE THOMAS P. QUINN |
| Address: | |
| City/State/Zip: | MAY 06 2008 |
| Telephone: | Judge      Circuit Court |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

EXHIBIT
G

08CV2701    EDA
JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN

File No. 061121-A
STATE OF ILLINOIS            )        **FILED-3**        Attorney Number 24947
                             )ss
COUNTY OF COOK               )      2008 MAY -6  AM 10: 05

                                    DOROTHY BROWN
                                    CLERK OF THE CIRCUIT COURT
                                    LAW DIVISION

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY LLOYD, as Special Administrator of the      )
Estate of PHILLIP LLOYD, deceased,               )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )        No. 2007 L 12983
                                                 )
AURELIUS COLE and JOHNNY HOLMES, in his          )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT,                               )
                                                 )
                    Defendants.                  )

### FIRST AMENDED COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant, **AURELIUS COLE**, states as follows:

1.      Plaintiff, **MARY LLOYD**, is an adult resident of Cook County, Illinois. She is the surviving mother of the decedent, **PHILLIP LLOYD**.

2.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP LLOYD was visiting with friends.

3.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, **AURELIUS COLE**,

EXHIBIT
H

unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, **PHILLIP LLOYD**.

4.      Said assault was willful and wanton, and maliciously made against Plaintiff's Decedent, **PHILLIP LLOYD**.

5.      On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

6.      Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to the court order attached as Exhibit A.

7.      Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

8.      Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT II

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant, **AURELIUS COLE**, states as follows:

1-6.    Plaintiff realleges and reaffirms Paragraphs 1 through 6 of Count I of Plaintiff's complaint as Paragraphs 1 through 6 of Count II.

7.    Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

8.    Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT III

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendants, **AURELIUS COLE** and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, states as follows:

1.    Plaintiff, **MARY LLOYD**, is an adult resident of Cook County, Illinois.  She is the surviving mother of the decedent, **PHILLIP LLOYD**.

2.    On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP LLOYD was visiting with friends.

3.      Upon information and belief, Plaintiff alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was acting under longstanding and widespread customs, practices and/or policies.  Said customs, practices and/or policies consisted of improper training, hiring, supervising controlling, disciplining and or assigning village police officers.  Said policies encouraged the use of deadly and excessive force.

4.      Plaintiff has been informed and believes and consequently alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was also acting under longstanding and widespread customs, practices, and/or policies with respect to improper training, hiring, supervising controlling, disciplining and or assigning village police officers.  Under these longstanding customs, practices, and/or policies, personnel were don't discouraged from using deadly and excessive force.

5.      As a direct and proximate result the above-mentioned customs, practices and/or policies, Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,** on November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, **AURELIUS COLE**, acted with a deliberate indifference to the serious health and/or safety needs of the Plaintiff's Decedent, PHILLIP LLOYD, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983, unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, **PHILLIP LLOYD**.

6.      Said assault was willful and wanton, and maliciously made against Plaintiff's Decedent, **PHILLIP LLOYD**.

7.    Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to the court order attached as Exhibit A.

8.    Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

9.    Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendants, **AURELIUS COLE** and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, and each of them, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorneys' fees.

## COUNT IV

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, states as follows:

1-7.    Plaintiff realleges and reaffirms Paragraphs 1 through 7 of Count III of Plaintiff's complaint as Paragraphs 1 through 7 of Count IV.

8.    Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

9.    Prior to his death, as a direct and proximate result the above-mentioned customs, practices and/or policies, Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** and as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE** while acting within the Defendant's scope of agency and employment, acted with a deliberate indifference to the serious health and/or safety needs of the Plaintiff's Decedent, PHILLIP LLOYD, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983, unlawfully, violently, and wrongfully assaulted and shot, Plaintiff's Decedent, **PHILLIP LLOYD**, and due to such injuries Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendants, **AURELIUS COLE** and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, and each of them, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorneys' fees.

LAW OFFICES OF TODD A. HELLER & ASSOCIATES
and SHELDON L. BANKS

BY: _____

Attorneys for Plaintiff

LAW OFFICES OF TODD A. HELLER & ASSOCIATES
and SHELDON L. BANKS
Attorneys for Plaintiff
707 Lake Cook Road, Suite 316
Deerfield, IL  60015
Tele. No.  (847) 714-0300
Facsimile No.  (847) 714-0310
Atty. No. 24947

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the<br>Estate of PHILLIP LLOYD, deceased, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| AURELIUS COLE and JOHNNY HOLMES, in his<br>official capacity as Chief of the VILLAGE OF ROBBINS<br>POLICE DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This cause comes before the Court on Petition of MARY LLOYD to be appointed Special Administrator of the Estate of PHILLIP LLOYD, deceased, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. MARY LLOYD is hereby appointed as Special Administrator of the Estate of PHILLIP LLOYD, deceased.

ENTER:

_____
JUDGE

dated at Chicago, Illinois
this ___ day of November 2007

ENTERED
JUDGE IRWIN J. SOLGANICK 0239

NOV 16 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY

## EXHIBIT A