IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, As Special Administrator of The Estate of PHILLIP LLOYD, Deceased,<br><br>    Plaintiff,<br><br>  -v-<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department,<br><br>    Defendants. | Case No. 08 C 2701<br>Judge St. Eve |

## JOINT STATUS REPORT

Now come the Plaintiff, MARY LLOYD, as Special Administrator of the Estate of Phillip Lloyd, deceased, by her attorneys, Todd A. Heller and Andrea J. Beer, and Defendants, Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department, by their attorneys, Gregory E. Rogus and Anastasios T. Foukas, and hereby furnish the Court with the following initial joint status report:

1. **The Nature of the Case.**

   A. **Attorneys of record for each party, including the lead trial attorney.**

   For Plaintiff:

   Todd A. Heller and Andrea J. Beer
   Law Offices of Todd A. Heller & Associates
   707 Lake Cook Road, Suite 316
   Deerfield, IL 60015
   847-714-0300
   Lead trial attorney: Todd A. Heller

For Defendants:

Gregory E. Rogus and Anastasios T. Foukas
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, IL 60606
312-645-7800
Lead trial attorney: Gregory E. Rogus

**B.  Basis for federal jurisdiction.**

Plaintiff seeks damages for an alleged deprivation of Phillip Lloyd's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to 42 U.S.C. §1983.

**C.  Nature of the claims asserted in the complaint and any counterclaims.**

The case was originally filed in the Circuit Court of Cook County. Plaintiff asserted a wrongful death claim and a survival (pain and suffering) claim against Defendant Cole on behalf of the heirs and next-of-kin of Phillip Lloyd, who was shot and killed by Officer Cole on or about November 18, 2006. Plaintiff asserted similar claims against Robbins Police Chief Johnny Holmes in his official capacity as Chief of the Village of Robbins Police Department. The original complaint did not contain any federal claims.

Defendant Holmes moved to dismiss counts III and IV of the complaint. In response, Plaintiff requested and was granted leave to file a first amended complaint. In the amended pleading, Plaintiff continues to assert state law wrongful death and survival (pain and suffering) claims against Officer Cole (counts I and II). Count III is now directed against both Defendants and alleges that Phillip Lloyd was deprived of his Eighth and Fourteenth Amendment rights, and was assaulted, shot, and killed in violation of 42 U.S.C. §1983. Count IV is directed solely against Defendant Holmes in his official capacity as police chief for Robbins, and is also premised on a deprivation of Phillip Lloyd's Eighth and Fourteenth Amendment rights and violation of 42 U.S.C. §1983.

Upon the filing of the first amended complaint, Defendants filed their notice of removal to this Court.

There is no counterclaim asserted.

**D.   Major legal and factual issues in this case.**

1. Whether Officer Cole deprived Phillip Lloyd of his rights under the Eighth and/or Fourteenth Amendments.

2. Whether Officer Cole used unconstitutionally excessive force.

3. Whether Officer Cole acted in self defense.

4. Whether Office Cole's conduct was willful and wanton

5. Whether Officer Cole is entitled to qualified immunity.

6. Whether Plaintiff has a viable claim against Police Chief Johnny Holmes in his official capacity.

7. The identity and location of the heirs and next-of-kin of Phillip Lloyd.

**E.   The relief sought by the Plaintiff.**

Plaintiff is seeking judgment in excess of $50,000, plus costs of suit, under each of the four counts of the first amended complaint.

**2.   Pending Motions and Case Plan.**

**A.   All pending motions.**

Defendants are preparing and will be submitting a Rule 12(b)(6) motion to dismiss counts III and IV of the first amended complaint.

**B.   Proposed discovery plan.**

**A.   Type of discovery needed.**

Plaintiff needs to direct written discovery to Defendant on a number of relevant topics, including the identity and location of material witnesses and the existence of any pertinent documents, photographs, or tangible items. Plaintiff will also need to depose any identified material witnesses.

Defendant needs to direct written discovery to Plaintiff on a number of relevant topics, including the identity and location of material witnesses, and identity and location of the

3

decedent's heirs and next of kin, and the existence of any pertinent documents, photographs, or tangible items. Defendants will also need to depose any identified material witnesses.

    **B.**    **Date for Rule 26(a)(1) disclosures.**

The parties have agreed to exchange their disclosures on or before June 27, 2008.

    **C.**    **Fact discovery completion date.**

The parties propose a completion date of May 29, 2009.

    **D.**    **An expert discovery completion date, including dates for the delivery of expert reports.**

The Plaintiff will furnish her expert reports on or before July 31, 2009. The Defendants will furnish their expert reports on or before August 28, 2009. Depositions of expert witnesses will be completed on or before October 15, 2009.

    **E.**    **Date for filing of dispositive motions.**

The parties propose November 30, 2009.

    **F.**    **Date for filing of a final pretrial order.**

The parties propose January 18, 2010.

**C.**    **With respect to trial:**

    **A.**    **Whether a jury trial is requested.**

Defendant requests trial by jury.

    **B.**    **The probable length of trial.**

The parties estimate up to 10 days.

    **C.**    **When the case will be ready for trial.**

The parties estimate by March 2010.

**3.**    **Consent to Proceed before a Magistrate Judge.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**4.**    **Status of settlement discussions.**

    **A.**    **Whether any settlement discussions have occurred.**

4

There have been no settlement discussions.

**B.     The status of any settlement discussions.**

There are none pending and none presently planned or contemplated.

**C.     Whether the parties request a settlement conference.**

Not presently.

Respectfully submitted,

For Plaintiff:

Todd A. Heller
Andrea J. Beer
Law Offices of Todd A. Heller & Assoc.
707 Lake Cook Road, #316
Deerfield, IL 60015
847-714-0300

For Defendants:

Gregory E. Rogus
Anastasios T. Foukas
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
312-645-7800

5