IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, As Special Administrator of the Estate of PHILLIP LLOYD, Deceased,<br><br>        Plaintiff,<br>    v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department,<br><br>        Defendants. | Court No. 08 CV 2701<br><br>Judge St. Eve |

### DEFENDANTS' ANSWER TO
### FIRST AMENDED COMPLAINT AT LAW

NOW COME Defendants AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department, by their attorneys, Gregory E. Rogus and Anastasios T. Foukas, and in Answer to Plaintiff's First Amended Complaint at Law, state the following:

### COUNT I

(Prefatory Note: Count I is only directed against Defendant Cole. Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

1. Plaintiff, MARY LLOYD, is an adult resident of Cook County, Illinois. She is the surviving mother of the decedent, PHILLIP LLOYD.

**ANSWER:** Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 1, and on that basis denies same.

946620

2.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP LLOYD was visiting with friends.

**ANSWER**:   Defendant Cole admits that Phillip Lloyd was present on the date, at the approximate time, and at the approximate location alleged, but is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 2, and on that basis denies same.

3.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, AURELIUS COLE, unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, PHILLIP LLOYD.

**ANSWER:**   Defendant Cole denies the allegations contained in paragraph 3.

4.      Said assault was willful and wanton, and maliciously made against Plaintiff's Decedent, PHILLIP LLOYD.

**ANSWER**:   Defendant Cole denies the allegations contained in paragraph 4.

5.      On November 18, 2006, as a direct and proximate result of Defendant, AURELIUS COLE's aforesaid actions, Plaintiff's Decedent died.

**ANSWER**:   Defendant Cole admits that Phillip Lloyd died, but denies the remaining allegations contained in paragraph 5.

6.      Plaintiff, MARY LLOYD has been appointed special administrator of the estate of PHILLIP LLOYD, deceased, pursuant to the court order attached as Exhibit A.

2

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 6, and on that basis denies same.

7. Pursuant to 740 ILCS 180/1, Plaintiff, MARY LLOYD as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7, and on that basis denies same.

8. Because of the death of Plaintiffs decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of PHILLIP LLOYD. Moreover, the estate of PHILLIP LLOYD has incurred various funeral and burial expenses.

**ANSWER**: Defendant Cole denies that the heirs at law and next of kin of Philip Lloyd have been deprived of the loss of support, comfort, society, companionship, and affection of Phillip Lloyd as a result of any wrongful act or omission on Defendant's part. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis denies same.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNT II

(Prefatory Note: Count II is only directed against Defendant Cole. Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

1-6. Plaintiff realleges and reaffirms Paragraphs 1 through 6 of Count I of Plaintiffs complaint as Paragraphs 1 through 6 of Count II.

**ANSWER**: Defendant Cole restates his answers to paragraphs 1-6 of Count I as his answers to paragraphs 1-6 of this Count II as if fully set forth herein.

7. Pursuant to 755 ILCS 5/27-6, Plaintiff as special administrator of the Estate of PHILLIP LLOYD, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7, and on that basis denies same.

8. Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, AURELIUS COLE, Plaintiff's decedent, PHILLIP LLOYD experienced pain and suffering.

**ANSWER**: Defendant Cole denies the allegations of paragraph 8.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNTS III and IV

Both Defendants have addressed the allegations contained in Counts III and IV via a separate motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. One or more members of the group fired weapons at Defendant Cole.

4. In responding to the assault and weapons fire, Defendant Cole was engaged in the execution and enforcement of the law.

5. Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

6. Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

7. Defendant Cole is, therefore, immunized from any liability under Counts I and II of the First Amended Complaint at Law pursuant to 745 ILCS 10/2-202.

## SECOND AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. One or more members of the group fired weapons at Defendant Cole.

4. Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

5

5. Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

6. Defendant Cole is, therefore, immunized from any liability under Counts I and II of the First Amended Complaint at Law pursuant to 720 ILCS 5/7-1(b).

### THIRD AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. One or more members of the group fired weapons at Defendant Cole.

4. At the aforesaid time and place, Plaintiff's Decedent Phillip Lloyd willfully and wantonly, and/or maliciously, committed one or more of the following acts or omissions:

   (a) Fired a weapon at Aurelius Cole, knowing that Officer Cole was a police officer for the Village of Robbins;

   (b) Fired a weapon at Aurelius Cole, without having any legal authorization or justification for doing so;

   (c) Instructed, directed, ordered, encouraged, or requested other persons present to shoot Officer Cole;

   (d) Instructed, directed, ordered, encouraged, or requested other persons present to kill Officer Cole;

   (e) Failed to prevent other persons present from shooting or attempting to shoot Officer Cole;

   (f) Agreed or conspired with other persons present to shoot Officer Cole.

5. As a result of one or more of the willful and wanton, or malicious acts or omissions, described above, Plaintiff's Decedent Phillip Lloyd contributed to causing his own injuries and death.

6.  Phillip Lloyd's contributory fault constituted more than 50% of the proximate cause of the injuries or damages for which recovery is sought.

7.  The Plaintiff is barred from recovering any damages against Defendant Cole under Counts I and II, pursuant to §2-1116 of the Code of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

1-5.  Defendant Cole restates paragraphs 1-5 of the Third Affirmative Defense as paragraphs 1-5 of this Fourth Affirmative Defense as though fully set forth herein.

6.  If the trier of fact finds that Phillip Lloyd's contributory fault is not more than 50% of the proximate cause of the injuries or damages for which recovery is sought, any damages to be awarded against Defendant Cole under Count I and II shall be diminished in proportion to the amount of fault attributable to Phillip Lloyd.

WHEREFORE, Defendant AURELIUS COLE denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

Respectfully submitted,

Segal McCambridge Singer Mahoney, LTD.

BY: _____
Attorneys for Defendants Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department

Gregory E. Rogus, Esq.
Anastasios T. Foukas, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL  60606
(312) 645-7800
946620

7