IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY LLOYD, As Special Administrator of The Estate of PHILLIP LLOYD, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| -v- | ) ) | Case No.  08 C 2701 |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department, | ) ) ) ) | Judge St. Eve |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV
OF PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Defendants, Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department, through their attorneys, Gregory E. Rogus and Anastasios T. Foukas, move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss counts III and IV of Plaintiff's first amended complaint at law, and in support state as follows:

**BACKGROUND**

This case was originally filed in the Circuit Court of Cook County, Illinois. On May 6, 2008, Plaintiff requested and was granted leave by that court to file an amended complaint. Two of the four counts contained in the amended pleading filed that day introduced federal claims into the litigation. Defendants timely removed the case to this court.

In count III, Plaintiff, who is the special administrator of the estate of decedent Phillip Lloyd, seeks money damages from Aurelius Cole, a police officer for the Village of Robbins, and from Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department, for what Plaintiff contends was Officer Cole's wrongful shooting of Mr. Lloyd on November 18, 2006.  More specifically, Plaintiff alleges that Officer Cole "acted with deliberate indifference to the serious health and/or safety needs of Plaintiff's Decedent, Phillip Lloyd, in violation of his rights under the Eighth and Fourteenth

Amendments to the United States Constitution" and "in violation of 42 U.S.C. §1983, unlawfully, violently, and wrongfully assaulted, shot, and killed Plaintiff's Decedent, Phillip Lloyd." (See count III, ¶5). Plaintiff further alleges, upon information and belief, that Chief Holmes "in his official capacity as Chief of the Village of Robbins Police Department, at all relevant times was acting under longstanding and widespread customs, practices and/or policies [that] consisted of improper training, hiring, supervising, controlling, disciplining and/or assigning village police officers." (Count III, ¶3). Furthermore, "[s]aid policies encouraged the use of deadly and excessive force." (*Id.*) In the alternative, Plaintiff contends "[u]nder these longstanding customs, practices, and/or policies, personnel were don't (sic) discouraged from using deadly and excessive force." (Count III, ¶4). Plaintiff appears to contend in ¶5 that Officer Cole was acting pursuant to "the above-mentioned customs, practices, and/or policies" when he shot Mr. Lloyd, though the insertion of the words "Defendant, Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department" in the second and third line of ¶5 lends an element of uncertainty and ambiguity to that particular paragraph.

Count IV appears to be directed solely against Chief Holmes, and again solely in his official capacity as Robbins Police Chief. (See count IV, introductory paragraph). This count incorporates most of count III, and is apparently designed to claim a different species of damages than count III, namely damages for Phillip Lloyd's pain and suffering. (See count IV, ¶9). In ¶9, the Plaintiff also includes language indicating that Officer Cole acted with deliberate indifference "while acting within the Defendant's scope of agency and employment." Though not entirely clear, this language appears to suggest a claim against Chief Holmes, in his official capacity, based on *respondeat superior*. Plaintiff purportedly seeks judgment under this count against both Defendants, even though her introductory paragraph indicates that the count is being directed only against Chief Holmes in his official capacity.

## BASES FOR DISMISSING COUNTS III AND IV

The Defendants move to dismiss counts III and IV pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because both counts fail to state a claim upon which relief can be granted.   In particular:

1.      Both counts fail to state a claim against either Defendant for the deprivation of any Eighth Amendment right of Phillip Lloyd.

2.      Both counts fail to state a claim against either Defendant for the deprivation of any Fourteenth Amendment right of Phillip Lloyd.

3.      There is no recognized claim for "violating 42 U.S.C. §1983."  Instead, that provision is merely the vehicle for bringing before the court claims based on deprivations of federal constitutional or statutory rights.  It does not provide a substantive right of action.

4.      To the extent Plaintiff seeks to impose liability against Chief Holmes in his official capacity based on the actions of Aurelius Cole while acting within the Defendant's scope of agency and employment, said claim legally fails because *respondeat superior* is not a permissible basis for recovery in an action brought pursuant to 42 U.S.C. §1983.

5.      Plaintiff's purported claims against Chief Holmes in his official capacity do not meet the standard for a sufficient pleading under Rule 8(a) of the Federal Rules of Civil Procedure and *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007).

6.      To the extent that Plaintiff seeks to recover for her own loss of association with the decedent under counts III and IV, her claim is barred under *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).

In further support of these bases for dismissal, Defendants present the following arguments and authority.

## ARGUMENTS AND AUTHORITY

**I.      Counts III and IV fail to state a claim against either Defendant for the deprivation of any Eighth Amendment right of Phillip Lloyd.**

In addition to the allegations described above, the first amended complaint asserts that at the time

and on the date of the shooting (approximately 4:00 a.m. on November 18, 2006), Mr. Lloyd was visiting

with friends at or near 13433 South Woodlawn Avenue in the Village of Robbins.  (See count III, ¶ 2).

This allegation prevents Plaintiff from asserting an Eighth Amendment claim. As the Seventh Circuit

stated in *Lopez v. City of Chicago*, 464 F.3d 711,719 (7th Cir. 2006), "[o]ur cases thus establish that . . .

the Eighth Amendment applies *following conviction*." (Emphasis added.) *See also: Tesch v. County of*

*Green Lake*, 157 F.3d 465, 473 n.1 (7th Cir. 1998) ("The Eighth Amendment applies 'only after the State

has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . .

[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until

after it has secured a formal adjudication of guilt in accordance with due process of law.' *Ingraham v.*

*Wright*, 430 U.S. 651, 671-72 n.40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (citations omitted).")

If, as Plaintiff has alleged, Mr. Lloyd was visiting with friends at a location within the Village of

Robbins, he was obviously not in prison at the time.  Furthermore, there is no allegation that Mr. Lloyd

had recently been convicted, or that he was under a term of punishment for any such conviction as of

November 18, 2006.  Under these circumstances, Plaintiff has no basis for asserting that Mr. Lloyd was

entitled to and deprived of protection under the Eighth Amendment.

Since the amended complaint does not allege any conduct on the part of Officer Cole that

followed a criminal conviction of Phillip Lloyd, the Eighth Amendment simply does not apply.  To the

extent counts III and IV are premised upon an Eighth Amendment violation, they fail to state a claim for

which relief can be granted and must, accordingly, be dismissed.

**II.     Counts III and IV fail to state a claim against either Defendant for the deprivation of any Fourteenth Amendment right of Phillip Lloyd.**

For similar reasons, Plaintiff's assertion of Mr. Lloyd's purported rights under the Fourteenth

Amendment also fails.  While the Eighth Amendment does not apply unless and until a conviction occurs,

Fourteenth Amendment due process principles do not govern until after a judicial determination of

probable cause.  *Lopez, supra*, at 719.  Here, once again, there are no factual allegations that would trigger

the protection of the Fourteenth Amendment.  Mr. Lloyd was not, as of November 18, 2006, a pretrial

detainee in state custody following a judicial determination of probable cause.  He was, instead, a free

man out in public and visiting with friends at the time of the incident giving rise to Plaintiff's claims.  His

special administrator, therefore, has no basis for invoking Fourteenth Amendment protection under the

factual scenario alleged.  To the extent counts III and IV assert an entitlement to damages premised upon

a violation of the Fourteenth Amendment, they fail to state a claim against either Defendant, and must be

dismissed for that additional reason.

**III.    42 U.S.C. §1983 does not provide any substantive rights.  Therefore, there is no recognized claim for "violating" that particular statute.**

Plaintiff has alleged in both counts III and IV that Officer Cole "… in violation of 42 U.S.C.

§1983, unlawfully, violently, and wrongfully assaulted, shot, and killed Plaintiff's Decedent, Phillip

Lloyd."  (See count III, ¶5; count IV, ¶5). An examination of the statute's language and the Supreme

Court case law construing it quickly dispatches with the notion that federal courts recognize claims for

"violating 42 U.S.C. §1983."

The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127

L.Ed.2d 114, rehearing denied 510 U.S. 1215, 114 S.Ct. 1340, 127 L.Ed.2d 688 (1994); *see also*

*Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-18, 99 S.Ct. 1905, 60 L.Ed. 508

(1979) ("Even if claimants are correct in asserting that §1983 provides a cause of action for all federal

statutory claims, it remains true that one cannot go into court and claim a 'violation of §1983' – for §1983 by itself does not protect anyone against anything. As Senator Edmunds recognized in the 1871 debate, 'All civil suits, as every lawyer understands, which this act authorizes, are not based upon it; they are based upon the right of the citizen. The act only gives a remedy.'")

Based on the foregoing, Plaintiff cannot sue either Defendant for "violating 42 U.S.C. §1983." To the extent counts III and IV purport to state such a claim, they are contrary to well-established law and must accordingly be dismissed.

IV.     **To the extent Plaintiff seeks to impose liability against Chief Holmes in his official capacity based on the actions of Aurelius Cole while acting within the Defendant's scope of agency and employment, said claim legally fails because *respondeat superior* is not a permissible basis for recovery in an action brought pursuant to 42 U.S.C. §1983.**

Counts III and IV specify that they are directed against Robbins Police Chief Johnny Holmes only "in his official capacity as Chief of the Village of Robbins Police Department." In federal civil litigation brought against police officers and officials pursuant to 42 U.S.C. §1983, the term "official capacity" has a particularized meaning. A §1983 action against an official in his official capacity is treated as a suit against the governmental entity that employs the defendant. *See Gilchrist v. Kane County Correctional Center*, 48 F. Supp.2d 809,814 (N.D. Ill. 1999), citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.E.2d 611 (1978); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("An official capacity suit is not against the official as an individual; the real party in interest is the entity.")

Furthermore, a §1983 claim cannot be brought against a governmental entity (and, therefore, cannot be brought against an individual defendant in his "official capacity") based on *respondeat superior*. *Gilchrist, supra*, at 814. As the Seventh Circuit explained in *Robles v. City of Fort Wayne*,

> By rejecting liability under a *respondeat superior* theory in [*Monell*], the Supreme Court held that more than the employment relationship between the alleged tortfeasor and the City is required before the municipality will be subject to liability. [Citations omitted.] It is only when the constitutional deprivation results from a municipal custom or policy that the City will be liable. [Citations omitted.] In other words, before [plaintiff] can recover from the City, he must establish a direct causal link between a custom or policy of the City and the unconstitutional

conduct that he alleges. [Citations omitted.]

113 F. 3d 732, 735 (7th Cir. 1997).

Count IV of the first amended complaint appears to embody, at least in part, a *respondeat superior* claim. In ¶9, Plaintiff includes a reference to "Aurelius Cole while acting within the Defendant's scope of agency and employment . . ." This is *respondeat superior* language. To the extent Plaintiff intends to assert a *respondeat superior* claim against Chief Holmes in his official capacity, this claim is contrary to law and must be dismissed.[1]

**V.      Plaintiff's purported claims against Chief Holmes in his official capacity do not meet the standard for a sufficient pleading under Rule 8(a) of the Federal Rules of Civil Procedure and *Bell Atlantic Corporation v. Twombly.***

In addition to her *respondeat superior* claim, Plaintiff also attempts to assert a "custom, practice and policy" basis for liability. The problem with this portion of counts III and IV is that it falls short of stating a claim for relief under the applicable federal pleading standard embodied in Rule 8 of the Federal Rules of Civil Procedure, as recently clarified by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, _____ U.S. _____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Rule 8(a)(2) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

In *Bell Atlantic*, the Supreme Court examined the meaning of the Rule:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 St. Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid; Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[1] It is also well settled that the doctrine of *respondeat superior* may not be employed to impose § 1983 liability on a supervisor for the conduct of a subordinate that violates a citizen's constitutional rights. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) citing *Monell, supra*, at 691.

action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .

127 S.Ct. at 1964-65. The seven-justice majority opinion rejected an interpretation of Rule 8, suggested

by the dissent, that would "not require, or even invite, the pleading of facts." The majority countered:

> While for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 C. Wright & A. Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

127 S.Ct. at 1965, n.3. Applying these principles to the case before it, the Supreme Court ruled that the

plaintiff had failed to state a claim under §1 of the Sherman Act because the complaint was lacking

sufficient factual matter that, taken as true, suggested that an agreement had been made. The Court

rejected the notion that allegations of parallel business behavior would suffice to establish the existence of

an agreement – such behavior could be just as much in line with a wide swath of national and competitive

business strategy unilaterally prompted by common perceptions of the market.

The first amended complaint here presents claims of a different nature – purported civil rights

violations – but for which, as this district has routinely found, the principles examined and applied by the

Supreme Court in *Bell Atlantic* apply with equal force. In *Chaparro v. Powell*, 2008 WL 68683 (N.D. Ill.

2008), Judge Conlon dismissed a §1983 municipal liability claim because the plaintiff's allegation of a

"code of silence" was insufficient to make the existence of such a policy "plausible." Similarly, Judge

Kendall recently dismissed a plaintiff's §1983 claim that sought to allege municipal liability when

plaintiff's complaint contained only conclusory allegations. *Palka v. Dart*, 2008 WL 1744428 (N.D. Ill. 2008).

Here, Plaintiff alleges, in purely conclusory fashion, that Chief Holmes, in his official capacity, was, "on information and belief . . . acting under longstanding and widespread customs, practices, and/or policies." (Count III, ¶3). Again, Plaintiff broadly, and without any factual support whatsoever, concludes that "[s]aid customs, practices, and/or policies consisted of improper training, hiring, supervising controlling, disciplining, and/or assigning village police officers." (*Id.*) The amended complaint points to one event, and one event only – the shooting on November 18, 2006. That single event is insufficient in and of itself to establish the existence of some custom, practice, or policy that was the moving force behind any alleged constitutional violation occurring on that date. Furthermore, since Plaintiff has not alleged any other facts establishing any such custom, practice or policy, she is in much the same position as the plaintiff in *Bell Atlantic* who did not allege anything to establish the existence of a conspiratorial or other agreement, other than parallel business behavior. The Supreme Court determined that the complaint in *Bell Atlantic* must be dismissed "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible." 127 S.Ct. at 1974. The same holds true with regard to counts III and IV of Plaintiff's amended complaint. They must, accordingly, be dismissed.

**VI.    To the extent Plaintiff seeks to recover for her own loss of association with the decedent under Counts III and IV, her claim is barred under *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).**

A parent has no constitutional right to recover damages for loss of association with an adult child. *Russ v. Watts*, 414 F.3d 783, 790-91 (7th Cir. 2005). Here, Plaintiff's amended complaint does not identify any of the decedent's "heirs at law" or "next of kin." (Count III, ¶9). Furthermore, Plaintiff does not specify whether she includes herself within either of those categories. If her amended complaint is interpreted to include such a claim on her own behalf, it runs afoul of the Seventh Circuit's decision in *Russ*, and is barred. Thus, to the extent counts III and IV of the amended complaint assert a claim for damages for Plaintiff's own loss of association with Phillip Lloyd, the claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, and based upon the authorities cited, Defendants Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department, request entry of an order dismissing counts III and IV of Plaintiff's first amended complaint at law.

Respectfully submitted,

Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department,

By: _____
     One of their attorneys

Gregory E. Rogus, Esq.
Anastasios T. Foukas, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL  60606
(312) 645-7800
996047