IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,<br><br>　　　　　　　Defendants. | Case No.  1:08-cv-02701<br>Judge St. Eve |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' AFFIRMATIVE DEFENSES**

TO:　　Gregory E. Rogus
　　　　Anastasios T. Foukas
　　　　Segal McCambridge Singer & Mahoney, Ltd.
　　　　Sears Tower, Suite 5500
　　　　233 South Wacker
　　　　Chicago, IL 60606

　　　　NOW COMES Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, by and through her undersigned attorneys, LAW OFFICES OF TODD HELLER & ASSOCIATES, and for her Response to the Affirmative Defenses of Defendants, AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, states as follows:

**RESPONSE TO FIRST AFFIRMATIVE DEFENSE**

　　　　1.　　On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

**ANSWER:**　　Plaintiff admits the allegations contained in Paragraph 1 of the First Affirmative
　　　　　　　　Defense.

1

2.	While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

**ANSWER:**	Plaintiff denies that Phillip Lloyd accosted and assaulted Defendant Cole. Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 2 of the First Affirmative Defense, and on that basis denies same.

3.	One or more members of the group fired weapons at Defendant Cole.

**ANSWER:**	Plaintiff admits that weapons were fired during the subject occurrence but Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 3 of the First Affirmative Defense, and on that basis denies same.

4.	In responding to the assault and weapons fire, Defendant Cole was engaged in the execution and enforcement of the law.

**ANSWER:**	Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 4 of the First Affirmative Defense, and on that basis denies same.

5.	Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed was necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

**ANSWER:**	Plaintiff admits that 720 ILCS 5/7-1 permits a person to use force against another person when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such imminent use of unlawful force,

but Plaintiff denies the remaining allegations contained in paragraph 5 of the First Affirmative Defense.

6. Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

**ANSWER:** Plaintiff denies each and every allegation contained in paragraph 6 of the First Affirmative Defense.

7. Defendant Cole is, therefore, immunized from any liability under Counts I and II of the First Amended Complaint at Law pursuant to 745 ILCS 10/2-202.

**ANSWER:** Plaintiff denies each and every allegation contained in paragraph 7 of the First Affirmative Defense.

## RESPONSE TO SECOND AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 1 of the Second Affirmative Defense.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

**ANSWER:** Plaintiff denies that Phillip Lloyd accosted and assaulted Defendant Cole. Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 2 of the Second Affirmative Defense, and on that basis denies same.

3. One or more members of the group fired weapons at Defendant Cole.

3

**ANSWER:**   Plaintiff admits that weapons were fired during the subject occurrence but Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 3 of the Second Affirmative Defense, and on that basis denies same.

4.   Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed was necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

**ANSWER:**   Plaintiff admits that 720 ILCS 5/7-1 permits a person to use force against another person when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such imminent use of unlawful force, but Plaintiff denies the remaining allegations contained in paragraph 4 of the Second Affirmative Defense.

5.   Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

**ANSWER:**   Plaintiff denies each and every allegation contained in paragraph 5 of the Second Affirmative Defense.

6.   Defendant Cole is, therefore, immunized from any liability under Counts I and II of the First Amended Complaint at Law pursuant to 720 ILCS 5/7-1(b).

**ANSWER:**   Plaintiff denies each and every allegation contained in paragraph 6 of the Second Affirmative Defense.

## RESPONSE TO THIRD AFFIRMATIVE DEFENSE

1.	On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

**ANSWER:**	Plaintiff admits the allegations contained in Paragraph 1 of the Third Affirmative Defense.

2.	While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

**ANSWER:**	Plaintiff denies that Phillip Lloyd accosted and assaulted Defendant Cole. Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 2 of the Third Affirmative Defense, and on that basis denies same.

3.	One or more members of the group fired weapons at Defendant Cole.

**ANSWER:**	Plaintiff admits that weapons were fired during the subject occurrence but Plaintiff is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 3 of the Third Affirmative Defense, and on that basis denies same.

4.	At the aforesaid time and place, Plaintiff's Decedent Phillip Lloyd willfully and wantonly, and/or maliciously, committed one or more of the following acts or omissions:

(a)	Fired a weapon at Aurelius Cole, knowing that Officer Cole was a police officer for the Village of Robbins;

(b)	Fired a weapon at Aurelius Cole, without having any legal authorization or justification for doing so;

(c)	Instructed, ordered, encouraged, or requested other persons present to shoot Officer Cole;

    (d)    Instructed, directed, ordered, encouraged, or requested other persons present to kill Officer Cole;

    (e)    Failed to prevent other persons present from shooting or attempting to shoot Officer Cole;

    (f)    Agreed or conspired with other persons present to shoot Officer Cole.

**ANSWER:**    Plaintiff denies each and every allegation contained in Paragraph 4 of the Third Affirmative Defense and specifically denies sub-paragraphs (a) through (f), inclusive.

5.    As a result of one or more of the willful and wanton, or malicious acts or omissions described above, Plaintiff's Decedent Phillip Lloyd contributed to causing his own injuries and death.

**ANSWER:**    Plaintiff denies each and every allegation contained in paragraph 5 of the Third Affirmative Defense.

6.    Phillip Lloyd's contributory fault constituted more than 50% of the proximate cause of the injuries or damages for which recovery is sought.

**ANSWER:**    Plaintiff denies each and every allegation contained in paragraph 6 of the Third Affirmative Defense.

7.    The Plaintiff is barred from recovering any damages against Defendant Cole under Counts I and II, pursuant to Sec. 2-1116 of the Code of Civil Procedure.

**ANSWER:**    Plaintiff denies each and every allegation contained in paragraph 7 of the Third Affirmative Defense.

### RESPONSE TO FOURTH AFFIRMATIVE DEFENSE

1-5.    Defendant Cole restates paragraphs 1-5 of the Third Affirmative Defense as paragraphs 1-5 of this Fourth Affirmative Defense as though fully set forth herein.

**ANSWER:** Plaintiff restates her Responses to paragraphs 1-5 of the Third Affirmative Defense as her Responses to paragraphs 1-5 of this Fourth Affirmative Defense as though fully set forth herein.

6. If the trier of fact finds that Phillip Lloyd's contributory fault is not more than 50% of the proximate cause of the injuries or damages for which recovery is sought, any damages to be awarded against Defendant Cole under Count I and II shall be diminished in proportion to the amount of fault attributable to Phillip Lloyd.

**ANSWER:** Plaintiff admits that the doctrine of contributory fault exists under Illinois law but denies that it applies in this matter.

WHEREFORE, Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, denies that the Defendants are entitled to any relief as requested in the Defendants' Affirmative Defenses.

**LAW OFFICES OF TODD A. HELLER & ASSOCIATES**

By: /s/ Andrea J. Beer
Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,<br><br>Defendants. | Case No. 1:08-cv-2701<br>Judge St. Eve |

### NOTICE OF FILING

TO:   Gregory E. Rogus
      Anastasios T. Foukas
      Segal McCambridge Singer & Mahoney, Ltd.
      Sears Tower, Suite 5500
      233 South Wacker
      Chicago, IL 60606

   PLEASE TAKE NOTICE that on July 10, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiff's Response to Defendants' Affirmative Defenses, copies of which are served on the above-referenced parties through the Electronic Case Filing System.

                              LAW OFFICES OF TODD A. HELLER & ASSOC.,
                              Attorneys for Plaintiff

                              BY:   /s/ Andrea J. Beer
                                    One of the Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

### CERTIFICATE OF SERVICE

   The undersigned, being first duly sworn on oath, deposes and states that a copy of the foregoing Notice and above-mentioned pleading(s) was/were served on the party(ies) as above-addressed through the Electronic Case Filing system, pursuant to Fed.R.Civ.P.5(a), on July 10, 2008.

                              /s/ Andrea J. Beer
                              As provided by law pursuant to Rule 5(b)(2)(B) of Fed. Rules
                              of Civil Procedure, I certify that the statements set forth
                              herein as true and correct.