**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-02701 |
| | ) | Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, in response to the Defendants' Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint at Law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states:

## BACKGROUND

On the early morning of November 18, 2006, Decedent, PHILLIP LLOYD, was with his friends at Posen Pub in Robbins, Illinois.  He saw Defendant AURELIUS COLE in the parking lot and had a conversation with him regarding an incident in 2004 during which Officer Cole shot Decedent.  Decedent, PHILLIP LLOYD was considering filing a civil case for injuries he suffered due to the 2004 shooting.  Decedent left with his friends and went to the home he shared with his fiancé.

1

Later that morning, at approximately 4:00 a.m., decedent, PHILLIP LLOYD met some family and friends at a public housing complex located at 135th Street and South Woodlawn Avenue in Robbins, Illinois.  Defendant, AURELIUS COLE, arrived in his squad car and he had another conversation with the Decedent, PHILLIP LLOYD.  The situation escalated and shots were fired by a third party and Officer Cole.  Defendant, AURELIUS COLE shot Decedent, PHILLIP LLOYD and he died at the scene.

According to the Clerk of the Circuit Court of Cook County's website, three lawsuits have been filed against the Robbins Police Department since 2005, in addition to the instant case.  The cases are as follows: Hughes v. Village of Robbins et al., Court Number 2005 L 12010;  Dukes et al. v. Jose et al., Court Number 2006 L 968; and McKinney et al. v. Lloyd et al., Court Number 2008 L 6025.

The subject case was originally filed in the Circuit Court of Cook County, Illinois, County Department, Law Division.  On May 6, 2008, Plaintiff filed her First Amended Complaint at Law Defendants timely removed the case to this Court due to the addition of federal claims in the First Amended Complaint at Law.

The first two counts of Plaintiff's First Amended Complaint at Law were directed to Defendant, AURELIUS COLE and he has filed his Answer.  Counts I and II are not at issue in this Motion to Dismiss.

Count III of Plaintiff's First Amended Complaint at Law is directed to Defendants, **AURELIUS COLE** and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for Officer Cole's wrongful shooting of Decedent, PHILLIP LLOYD, on November 18, 2006.  Plaintiff filed Count III pursuant to 42 U.S.C. §1983 (Westlaw 2008) and the Eighth and Fourteenth Amendments to the United States Constitution.

2

Count IV of Plaintiff's First Amended Complaint at Law is directed to Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for Officer Cole's wrongful shooting of Decedent, PHILLIP LLOYD, on November 18, 2006.  Plaintiff filed Count IV pursuant to 42 U.S.C. §1983 (Westlaw 2008) and the Eighth and Fourteenth Amendments to the United States Constitution.

The Defendants filed a Motion to Dismiss Counts III and IV of the Plaintiff's First Amended Complaint at Law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>**STANDARD OF REVIEW**</u>

In ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pled allegations as true and draw all reasonable inferences in favor of the plaintiff.  Furthermore, the court may dismiss the case "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. <u>Lara v. City of Chicago</u>, 968 F. Supp. 1278, 1283-1284 (N.D. Ill. 1997).  Thus, the motion should be denied unless there are no facts consistent with the allegations of the complaint that could form the basis of relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).  Additionally, the court must take the well-pled allegations of the complaint and all reasonable inferences therefrom in the light most favorable to the plaintiff.  <u>Chaney v. City of Chicago</u>, 901 F. Supp. 266, 268 (N.D. Ill. 1995).

Furthermore, a complaint need not set forth all relevant facts or recite the law.  All that is required is a short and plain statement showing that the plaintiff is entitled to relief.  In fact, under the notice pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure conclusions may be pleaded as long as the defendant is given minimal notice of the claim. <u>Jackson v. Marion County</u>, 66 F.3d 151, 153-154 (7th Cir. 1995); <u>Boyce v. Fairman</u>, 24 F. Supp. 2d 880, 883 (N.D. Ill. 1998).

3

I.    **Plaintiff concedes that Counts III and IV fail to state a claim against either Defendant for the deprivation of any Eighth Amendment right of Phillip Lloyd.**

In reviewing the case law cited by Defendants, Plaintiff concedes that the Eighth Amendment of the United States Constitution does not apply to Count III or IV of her First Amended Complaint at Law.  Plaintiff further states that the claims that arise due to the occurrence are recognized under the Fourth Amendment of the United States Constitution.  "Where ... the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."  Graham v. M.C. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1871 (1989).

Plaintiff is prepared to filed her Second Amended Complaint at Law to correct this issue.  See Exhibit A which is attached hereto and incorporated herein.  Plaintiff's Second Amended Complaint more specifically alleges the specific claims against both Defendants and addresses Defendants' claims regarding the sufficiency of Plaintiff's 42 U.S.C. §1983 claims, and the claims made against Defendant Johnny Holmes in his Official Capacity as the Chief of the Village of Robbins Police Department.

Under 735 ILCS 5/2-616(a) (Westlaw 2008), a party may, on just and reasonable terms, change the cause of action or add new causes of action "...which may enable the plaintiff to sustain the claim for which it was intended to be brought."  In addition, under the Federal Rules of Civil Procedure Rule 15(a)(2) (Westlaw 2008), with the Court's leave, a party may amend its pleading.  The statute states that "[t]he court should freely give leave when justice so requires."  Finally, F.R.C.P. Rule 15(c)(1)(B) states an amendment to a pleading relates back to the date of the original pleading when: "...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."  Plaintiff's

Second Amended Complaint at Law asserts several claims that arise out of the occurrences on November 18, 2006. See Exhibit A. Therefore, Plaintiff requests leave to file her Second Amended Complaint at Law.

II. **Plaintiff's Second Amended Complaint at Law corrects any deficiencies that may have existed in Counts III and IV of Plaintiff's First Amended Complaint at Law.**

As stated above, Plaintiff's Second Amended Complaint corrects any alleged deficiencies that existed in her First Amended Complaint at Law. See Exhibit A.

III. **Plaintiff concedes that 42 U.S.C. §1983 does not provide any substantive rights, it only provides a remedy.**

As stated above, Plaintiff's Second Amended Complaint corrects any alleged deficiencies that existed in her First Amended Complaint at Law. See Exhibit A.

A cause of action under 42 U.S.C. §1983 requires the plaintiff to plead two elements. These are: (1) that the acts in question were "committed under color of state law," and (2) that these acts "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harrell v. Sheahan, 937 F. Supp. 754, 758 (N.D. Ill. 1996). In her Second Amended Complaint at Law, Plaintiff alleges that the Defendants were acting under color of law and that they deprived Decedent, PHILLIP LLOYD of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. See Exhibit A.

IV. **The Plaintiff's Second Amended Complaint at Law seeks to impose liability against Chief Holmes in his official capacity as the Chief of the Village of Robbins Police Department and does not assert a claim under *respondeat superior*.**

As stated above, Plaintiff's Second Amended Complaint corrects any alleged deficiencies that existed in her First Amended Complaint at Law. See Exhibit A.

In terms of the action against the Defendants in their official capacities, the complaint must allege that the deprivation was caused by an official policy, custom or usage of the municipality.

Monell v. Department of Social Services of New York City, 436 U.S. 658, 98 S. Ct. 2018, 2037-2038, 56 L. Ed. 2d 611 (1978).  There are three ways that a municipality's policies may violate an individuals civil rights.  These are: (1) an express policy that causes a deprivation when enforced; (2) a widespread practice that although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the injury was caused by a person with final decision-making authority.  Harrell v. Sheahan, 937 F. Supp. 754, 759 (N.D. Ill. 1996).

Since this is merely the pleading stage of the litigation, all that is necessary is for the plaintiff to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Boyce v. Fairman, 24 F. Supp. 2d 880, 883 (N.D. Ill. 1998).  As in Boyce, Plaintiff's allegations of an "official policy, custom and/or usage" are sufficient to state a cause of action against the Defendant in his official capacity.

**V.     Plaintiff's claims against Chief Holmes is his capacity meet the standard for sufficient pleading under Rule 8(a) of the Federal Rules of Civil Procedure and Bell Atlantic Corporation v. Twombly in Plaintiff's Second Amended Complaint at Law.**

As stated above, Plaintiff's Second Amended Complaint corrects any alleged deficiencies that existed in her First Amended Complaint at Law.  See Exhibit A.

**VI.    Plaintiff concedes that she cannot recover for her own loss of association with the Decedent under Federal law claims, she asserts that she can still recover for loss of society under the state law claims.**

Plaintiff concedes that the ruling in Russ v. Watts, 414 F.3d 783 (7th Cir. 2005) disallows claims by parents for loss of association with an adult child.  Plaintiff asserts that she and the decedent's siblings can recover for loss of society if she recovers damages under her state law claims.  Woltering v. Outboard Marine Corporation, 245 Ill. App. 3d 684, 615 N.E.2d 86 (5th Dist. 1993).  Loss of society damages are recoverable for the death of an adult child.  Id. at 688, 615 N.E.2d at 89.

In addition, loss of a sibling's society is a pecuniary injury that is recoverable if damages are proven. Id. at 689, 615 N.E.2d at 89.

WHEREFORE, the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, respectfully prays that this Honorable Court enter an order denying the Defendants' Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint at Law and/or grant the Plaintiff leave to file her Second Amended Complaint at Law.

Respectfully submitted,
**LAW OFFICES OF TODD A. HELLER & ASSOCIATES**


By:_____/s/ Andrea J. Beer_____
Attorneys for Plaintiff
_____

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-02701 |
| | ) | Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) ) | |

### SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendants, **AURELIUS COLE,** and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,** states as follows:

### COUNT I

1.      Plaintiff, **MARY LLOYD**, is an adult resident of Cook County, Illinois.  She is the surviving mother of the decedent, **PHILLIP LLOYD**.

2.      Defendant, **AURELIUS COLE**, is, and all times mentioned was a duly appointed and acting Robbins Police Officer employed by the Robbins Police Department.  As such, Defendant, **AURELIUS COLE**, was a duly appointed agent authorized to enforce the laws of the Village of Robbins and the State of Illinois, and was so acting under the color of law of the Village of Robbins and the State of Illinois at all times relevant to this action.

EXHIBIT A

1

3.      Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, employed several police officers, including Defendant, **AURELIUS COLE**, to enforce the laws of the Village of Robbins and the State of Illinois.

4.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, PHILLIP LLOYD was visiting with friends.

5.      On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, **AURELIUS COLE**, unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, **PHILLIP LLOYD**.

6.      That Defendant, **AURELIUS COLE** had previously wounded Decedent, **PHILLIP LLOYD**, by shooting him in 2004.

7.      That prior to the November 18, 2006 incident,  Decedent, **PHILLIP LLOYD** was contemplating a civil action against Defendants for the 2004 shooting.

8.      Decedent**, PHILLIP LLOYD** and Defendant, **AURELIUS COLE** discussed the 2004 shooting a few hours before the shooting on November 18, 2006.

9.      The November 18, 2006 assault was willful and wanton, and maliciously made against Plaintiff's Decedent, **PHILLIP LLOYD**.

10.      On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

2

11.    Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12.    Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13.    Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT II

1-8.    Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count II.

9.    Count II is brought by Plaintiff against Defendant, AURELIUS COLE for his negligent and wrongful acts, including his negligent and careless handling of a firearm.

10.    On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

11.    Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12.     Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13.     Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT III

1-8.     Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count III.

9.     Count III is brought by Plaintiff against defendant, **AURELIUS COLE**, for his grossly negligent and reckless acts, including his excessive and unnecessary use of force.

10.     On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

11.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12.     Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13.     Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT IV

1-8.     Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count IV.

9.     Count IV is brought by Plaintiff against Defendant, **AURELIUS COLE**, for deprivation of Decedent's constitutional rights within the meaning of  42 U.S.C. §1983.

10.     The above-described actions subjected Decedent, PHILLIP LLOYD, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of  42 U.S.C. §1983.

11.     On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.    Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

14.    Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## <u>COUNT V</u>

1-8.    Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count V.

9.    Count V is brought by Plaintiff against Defendant, **AURELIUS COLE**, for deprivation of Decedent's constitutional rights within the meaning of  42 U.S.C. §1983.

10.    The above-described actions subjected Decedent, PHILLIP LLOYD, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States, and the Fourth Amendment to the Constitution of the United States, within the meaning of  42 U.S.C. §1983.

11.    On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.     Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

14.     Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT VI

1-8.     Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VI.

9.     Count VI is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for negligence.

10.     The above-described actions of Defendant, **AURELIUS COLE**, resulted from the carelessness and negligence of Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, its agents, servants or other representatives, in hiring, supervising, disciplining and/or failing to train Defendant, **AURELIUS COLE** how to respond to a call, handle a crowd and/or avoid the use of excessive force.

11.     On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.     Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

14.     Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT VII

1-8.     Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VII.

9.     Count VII is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for negligence.

8

10.     The above-described actions of Defendant, **AURELIUS COLE**, resulted from the carelessness and negligence of Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, its agents, servants or other representatives, in hiring, supervising, disciplining and/or failing to train Defendant, **AURELIUS COLE** how to respond to a call, handle a crowd and/or avoid the use of excessive force.

11.     On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions and Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

12.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.     Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

14.     Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, and  Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure  to train, Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE**

9

**DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

**COUNT VIII**

1-8.    Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VIII.

9.    Count VIII is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, for deprivation of Decedent's constitutional rights within the meaning of  42 U.S.C. §1983.

10.    Plaintiff alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising controlling, disciplining and or assigning village police officers.  Said policies encouraged the use of deadly and excessive force.

11.    Plaintiff has been informed and believes and consequently alleges  on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was also acting under longstanding and widespread customs, practices, and/or policies with respect to improper training, hiring, supervising controlling, disciplining and or assigning village police officers.  Under these longstanding customs, practices, and/or policies, personnel were not discouraged from using deadly and excessive force.

12.    The above-described actions subjected Decedent, **PHILLIP LLOYD**, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

13.    On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, and Defendant**, JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

14.    Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

15.    Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

16.    Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IX

1-8.    Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count IX.

9.    Count IX is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. §1983.

10.    Plaintiff alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Said policies encouraged the use of deadly and excessive force.

11.    Plaintiff has been informed and believes and consequently alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was also acting under longstanding and widespread customs, practices, and/or policies with respect to improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Under these longstanding customs, practices, and/or policies, personnel were not discouraged from using deadly and excessive force.

12.    The above-described actions subjected Decedent, **PHILLIP LLOYD**, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United

12

States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

13.    On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, and Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

14.    Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

15.    Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

16.    Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, and  Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure  to train, Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY

THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to

42 U.S.C. §1988.

Respectfully submitted,
**LAW OFFICES OF TODD A. HELLER & ASSOCIATES**


By:_____ /s/ Andrea J. Beer_____
Attorneys for Plaintiff

_____

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-2701 Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

TO: Gregory E. Rogus
   Anastasios T. Foukas
   Segal McCambridge Singer & Mahoney, Ltd.
   Sears Tower, Suite 5500
   233 South Wacker
   Chicago, IL 60606

   PLEASE TAKE NOTICE that on July 12, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiff's Response to Defendants' Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint at Law, copies of which are served on the above-referenced parties through the Electronic Case Filing System.

            LAW OFFICES OF TODD A. HELLER & ASSOC.,
            Attorneys for Plaintiff

          BY: _____/s/ Andrea J. Beer_____
              One of the Attorneys for Plaintiff

_____
Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

**CERTIFICATE OF SERVICE**

   The undersigned, being first duly sworn on oath, deposes and states that a copy of the foregoing Notice and above-mentioned pleading(s) was/were served on the party(ies) as above-addressed through the Electronic Case Filing system, pursuant to Fed.R.Civ.P.5(a), on July 12, 2008.

           _____/s/ Andrea J. Beer_____
           As provided by law pursuant to Rule 5(b)(2)(B) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein as true and correct.