**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-02701 |
| | ) | Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

YOU ARE HEREBY REQUESTED, pursuant to Rule 34 of the Federal Rules of Civil

Procedure, to produce at the Office of Law Offices of Todd A. Heller & Associates for inspection

and copying within thirty (30) days from the date hereof, the following items (together with any

transcripts, reports, memoranda or recordings purporting to reflect but not evaluate the same):

(a)  The full name and complete last known address of every witness to the occurrences alleged in the Complaint.

(b)  The full name and complete last known address of all other persons who have knowledge of the matters pleaded or of relevant facts, including the special field of each expert.

(c)  All statements or memoranda of interviews of any party to some person or entity other than his attorney or insurer, including that of the plaintiff(s), which is in your possession or control, directly or indirectly.

(d)  All statements or memoranda of interviews of individuals named in the Answers to Interrogatories Nos. 2 through 5 which is in your possession or control, directly or indirectly.

(e) All photographs, slides, video tape, audio tapes, motion pictures, computer printouts (including material stored on the computers) in the responding parties possession relating to the parties to this suit, the physical objects involved in the occurrence, or the scene(s) of the occurrences, including any diagrams, plats, surveys, measurements, or engineering or

surveyor's reports of the geography or topography of the scene of the occurrence related in the Complaint, For each item produced, identify the date the item was originally produced, the identity, address of the photographer, videographer, film maker or other individual or mechanical device who (or which) produced the item described, and the identity and address of the current custodian of the original item described.

(f) A list giving the names, addresses and specialties of all expert witnesses, other than those who are identified as consultants who will not be called to testify at trial of this cause, not otherwise called for in this Request to Produce.

(g) A copy of the Curriculum Vitae, resume or a description of the credentials for each and every expert opinion witness identified by or known to the party or his/her counsel.

(h) Any and all reports, memoranda, correspondence, or other documents regarding any examination or reports of expert opinion witnesses, which touch on any of the issues alleged in any complaints in this cause.

(i) Any and all contract documents, specifications, and/or drawings relating to any of the issues alleged in the complaint.

(j) Any and all documentation containing information about Defendant, Aurelius Cole's prior history of criminal or traffic convictions, if any.

(k) A copy of Defendant, Aurelius Cole's personnel file, including his medical file.

(l) A copy of any complaints or grievances filed against Defendant Aurelius Cole and any other Robbins Police Department employees since 2000.

(m) Any and all documents pertaining to Decedent, Phillip Lloyd, including the incident in 2004 and the November 18, 2006 incident.

(n) Any standards, testing data, writings of learned treatises, periodicals, publications and catalogs purporting to relate to any of the issues alleged in the complaint.

(o) Copies of all documents and/or information maintained on computer (with regard to said matters provide a CD-ROM or DVD with the originally formatted requested documents as produced in response to this request) which touch on any of the issues alleged in the complaint.

(p) Any and all documents, papers, tangible objects, or physical evidence that the party responding to this production request intends to introduce into evidence or to use at the trial of the above-captioned matter.

(q) Any and all documents which reflect policies (written or unwritten), procedures, practices, directions, standing orders and/or directives relating to the issues and/or occurrences raised by the complaint, including but not limited to, avoiding the use of excessive force, responding to calls and handling crowds.

(r) Any and all documents relating to including, but not limited to disciplinary action, demotion, transfer, changes of duties and/or responsibilities taken against any individual involved in the occurrences alleged in the complaint.

(s) Any all documents not otherwise produced that relate to any Answers to Interrogatories and specifically identify the Interrogatory No. to which the document relates to.

(t) Any and all documents used in training and/or instructing the responding parties personnel in dealing with avoiding the use of excessive force, responding to calls and handling crowds.

(u) For any document being withheld based on a claim of privilege, provide a log containing the following information with respect to each and every document for which such a claim of privilege is being made:

  (i)  the date on which such document was prepared or finalized;
  (ii) the name and last known address of the author of the document;
  (iii)the name and last known address of the recipient of the document;
  (iv) a brief description of the subject matter covered by the document; and
  (v) the basis of the claim of privilege.

(v) An affidavit of the responding parties' attorney stating whether the production is complete in accordance with this request.

(w) If the attorney responding to this request to produce or the party to whom this request to produce is directed knows of the location of any documents or items requested, even though they are not in the attorney's or parties' current possession, identify the location, custodian and nature of each responsive documents or items.

(x) A copy of any insurance policies, if any, providing defense or paying an award in the case.

### LAW OFFICES OF TODD A. HELLER & ASSOCIATES

By:_____/s/ Andrea J. Beer_____
Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the<br>Estate of PHILLIP LLOYD, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:08-cv-02701 |
| | ) | Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his<br>official capacity as Chief of the VILLAGE OF ROBBINS<br>POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT, AURELIUS COLE**

Plaintiff, MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, by and through his attorneys, Law Offices of Todd A. Heller & Associates pursuant to Rule 33 of the Federal Rule of Civil Procedure and hereby submits the following Plaintiff's First Set of Interrogatories upon Defendant, AURELIUS COLE which are to be answered under oath, in writing within thirty (30) days of service.

1.    State your full name, any other names by which you have been known, as well as your current residence addresses, date of birth, and marital status.

**ANSWER**:

2.    State the full name and current residence address of each person who witnessed or has knowledge or claims to have witnessed or have knowledge any of the occurrences as alleged in the Complaint and further state:

(a) Specifically noting the occurrence witnessed or knowledge had;

(b) The time, date and place in which the person witnessed the occurrence or obtained the knowledge;

(c) The capacity in which the person witnessed the event or obtained the knowledge;

(d) Whether the witness was directly or indirectly involved in the occurrence; and

(e) The specific involvement, if any, of the witness in the occurrence.

**ANSWER**:

3.    State the full name and current residence address of each person not named (in Answer to Interrogatory Number 2) above who was present or claims to have been present at the scene immediately before, at the time of or immediately after said occurrence and further state:

(a) Specifically noting the occurrence witnessed;

(b) The time, date and place of the occurrence;

(c) The capacity in which the person witnessed the event;

(d) Whether the witness was directly or indirectly involved in the occurrence; and

(e) The specific involvement, if any, of the witness in the occurrence.

**ANSWER**:

4.    State your education, including any certificate programs you have attended and any in-service training you received.

**ANSWER**:

5.      State your complete work history, including the following information:

      a)      name and address of employer;

      b)      dates of employment;

      c)      name of supervisor; and

      d)      your job title.

**ANSWER**:


6.      Do you have any prior history of criminal convictions or traffic convictions.  If so, state the
date of the conviction, the nature of the conviction, the court in which the case was heard,
and the court Number of each case.

**ANSWER:**


7.      Have any complaints and/or grievances been filed against you?  If so, state:

      a)      date of filing;

      b)      name of complaining party;

      c)      details of the complaint;

      d)      current location of a copy of the complaint;

      e)      all information on investigations of the complaint;

      f)      disposition of the complaint.

**ANSWER:**

8.    Have you had any medical conditions in the last five years which impair your ability to

perform you duties as a police officer?

    a)    State the nature of the condition;

    b)    date of diagnosis;

    c)    name of health care provider(s) who have treated you for the condition;

    d)    treatment, if any.

**ANSWER:**


9.    Have you received any discipline during your work history as a police officer?  If so, state:

    a)    date of discipline;

    b)    nature of discipline;

    c)    disciplining agency;

    d)    description of incidents leading to discipline.

**ANSWER:**


10.    Have you been involved with any litigation relating to your job as a police officer?  If so,

state:

    a)    identity of parties to litigation;

    b)    Court location  and docket number;

    c)    nature of litigation;

    d)    disposition of litigation.

**ANSWER:**

11.    Please state your history as to all prior administrative hearings you have been involved with and any prior testimony of any kind that has involved you.

**ANSWER:**

12.    Please state details of any and all contact you had with the Decedent, Phillip Lloyd at any time, including dates of contact, nature of contact, witnesses to contact, and any documents relating to the contact.

**ANSWER:**

13.    With regard to any written and/or unwritten policies, procedures, practices, directions, standing orders and/or directives etc. related to excessive force, handling a crowd or responding to a call, state:

(a) The names of all individuals involved in the development of the unwritten and/or written policies, procedures, practices, directions and/or directives;

(b)  The names of all people involved in the enforcement of the unwritten and/or written policies, procedures, practices, directions and/or directives; and

(c) The date any said unwritten and/or written policies, procedures, practices, directions and/or directives were put into place.

**ANSWER**:

14.    State if the answering defendant was named or covered under any policy, or policies of liability insurance effective the date of the occurrence and, if so state the name of each such company or companies, the policy number  or numbers, the effective period(s) and the maximum liability limits for each person and each occurrence, including umbrella or excess insurance coverage, property damage and medical payment coverage.

**ANSWER:**


15.    Do you have any information:

(a) That the Decedent  was, within the ten years immediately prior to the occurrences alleged in the complaint, confined in a hospital and/or clinic, treated by a physician and/or health professional, or x-rayed for any reason other than personal injury?  If so, state the name and address of each such hospital and/or clinic, physician, technician and/or health care professional, the approximate date of such confinement or service and state the reason for such confinement or service;

(b) That the Decedent had suffered any serious personal injury and/or illness prior to the date of the occurrence?  If so, state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered; and

(c) The basis from which you obtained the information noted in subparagraphs (a) and (b) above.

**ANSWER**:


16.____ Were any photographs, movies and/or videotapes taken of the scenes and/or occurrences or of the persons involved in the occurrences alleged in the complaint?  Is so, state the date or dates

on which such photographs, movies and/or videotapes were taken, the subject thereof and the persons depicted in them, who has custody of them, and the name, address, occupation and employer of the person taking them, or state the mechanical means by which they were taken.

**<u>ANSWER</u>**:


17.    Have you or (anyone on your behalf or otherwise on behalf of any of the defendants) had any conversation with any person (including but not limited to the plaintiff and or the persons noted in the answers to interrogatories above) at any time with regard to the manner in which the occurrences complained of occurred and/or any facts related to the occurrences complained of, or have you overheard any statements made by any person at any time with regard to the injuries complained of by the plaintiff, the manner in which the injuries occurred, and/or to the manner in which the occurrences complained of occurred?  If the answer to this interrogatory is in the affirmative, state:

   (a) The date or dates of such conversations and/or statements;

   (b) The place of such conversations and/or statements;

   (c) All persons present for the conversations and/or statements;

   (d) The matters and things stated by the person in the conversation and/or statements;

   (e) Whether the conversation was oral, written and/or recorded; and

   (f) The name and address of the person, person(s) and/or entities in possession of the statement if written and/or recorded.

**<u>ANSWER</u>**:


18.    Do you know of any statements made by any person relating to the occurrence complained of by the plaintiff?  If so, give the name and address of each such witness and the date of

each of said statements and state whether such statement is typewritten, handwritten or oral, or by court reporter, and  state the name and address of the person who typewrote, hand-written or was the court reporter.

**ANSWER**:

19.     Provide the name, residential and business addresses, telephone numbers, and positions of each witness who will testify at trial and state the subject of each witness' testimony.

**ANSWER**:

20.     Provide the name, residential and business address, telephone number and positions of each opinion witness who will offer testimony and state:

(a)     The subject matter on which the opinion witness is expected to testify;

(b)     The conclusions and/or opinions of the opinion witness and the basis thereof, including reports of the witness, if any;

(c)     The qualifications of each opinion witness, including a  *curriculum vitae* and/or resume, if any; and

(d)     the identity of any written reports of the opinion witness regarding this occurrence.

**ANSWER**:

21.     State whether any action, including, but not limited to; disciplinary action, demotion, transfer, change of duties and/or responsibilities, was taken by and/or against any individuals involved in the occurrences alleged in the complaint.  If so, identify the reason for said

action, by whom and against whom it was taken, the nature of the action, and the outcome

of the action, if any.

**ANSWER**:


22.    State whether any internal investigation was conducted by and/or on behalf of the defendants

in relation to the occurrences at issue in this case.  If so, identify by whom such investigation

was conducted, the subject(s) of the investigation, the conclusion(s) and/or finding(s) made

as a result of the investigation, whether the investigation is still ongoing, and whether any

written report(s) were generated as a result of the investigation and if so the person in

possession of such written report(s).

**ANSWER:**


23.    Identify any statements, information and/or documents known to you and requested by any

of the foregoing interrogatories which you claim to be work product or subject to any

common law and/or statutory privilege, and with respect to each interrogatory, specify the

legal basis for the claim.

**ANSWER:**

### LAW OFFICES OF TODD A. HELLER & ASSOCIATES


By:_____/s/ Andrea J. Beer_____
                    Attorneys for Plaintiff

_____

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-02701 |
| | ) | Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, JOHNNY
HOLMES, in his Official capacity as Chief of the VILLAGE OF ROBBINS POLICE
DEPARTMENT**

Plaintiff, **DANIEL B. COMISKEY**, by and through his attorneys, Law Offices of Todd A.

Heller & Associates pursuant to Rule 33 of the Federal Rule of Civil Procedure and hereby submits

the following Plaintiff's First Set of Interrogatories upon the Defendant, **JOHNNY HOLMES, in**

**his Official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** which

are to be answered under oath, in writing within thirty (30) days of service.

1.      State the name of the individual person answering and/or signing on behalf of the Defendant,

as well as your current residence and business addresses and telephone numbers, date of birth,

marital status, the capacity in which the person is answering and/or signing on behalf of the

Defendant, and position of the party answering and/or signing on behalf of the Defendant.

**ANSWER**:

2.    State the full name and current residence address of each person who witnessed or has knowledge or claims to have witnessed or have knowledge any of the occurrences and/or the plaintiff's prior medical condition as alleged in the Complaint including and further state:

    (a) Specifically noting the occurrence witnessed or knowledge had;

    (b) The time, date and place in which the person witnessed the occurrence or obtained the knowledge;

    (c) The capacity in which the person witnessed the event or obtained the knowledge;

    (d) Whether the witness was directly or indirectly involved in the occurrence; and

    (e) The specific involvement, if any, of the witness in the occurrence.

**<u>ANSWER</u>**:

3.    State the full name and current residence address of each person not named (in Answer to Interrogatory Number 2) above who was present or claims to have been present at the scene immediately before, at the time of or immediately after said occurrence and further state:

    (a) Specifically noting the occurrence witnessed;

    (b) The time, date and place of the occurrence;

    (c) The capacity in which the person witnessed the event;

    (d) Whether the witness was directly or indirectly involved in the occurrence; and

    (e) The specific involvement, if any, of the witness in the occurrence.

**<u>ANSWER</u>**:

4.    State the total number of complaints received in the last five years, including the date of the complaint, the nature of the compliant, and the name of the person against whom the complaint was filed.

**ANSWER**:

5.    State the total number of complaints received in the last five years with factual allegations similar to those involved in this case, including the name of the complainant, date of the complaint, the nature of the compliant, and the name of the person against whom the complaint was filed.

**ANSWER**:

6.    Please state any and all complaints and/or grievance filed against Defendant, AURELIUS COLE, including the name of the complainant, date of the complaint, the nature of the compliant, and the name of the person against whom the complaint was filed.

**ANSWER**:

7.    Please give a detailed description of all stages of processing police complaints.

**ANSWER:**

8.    With regard to any written and/or unwritten policies, procedures, practices, directions, standing orders and/or directives etc. related to the use of excessive force, responding to a call and handling a crowd, state:

(a)  The names of all individuals involved in the development of the unwritten and/or written policies, procedures, practices, directions and/or directives;

(b)  The names of all individuals involved in the implementation of the unwritten and/or written policies, procedures, practices, directions and/or directives;

(c) The names of all people involved in the enforcement of the unwritten and/or written policies, procedures, practices, directions and/or directives; and

(d) The date any said unwritten and/or written policies, procedures, practices, directions and/or directives were put into place.

**<u>ANSWER</u>**:

9.     State if the answering defendant was named or covered under any policy, or policies of liability insurance effective the date of the occurrence and, if so state the name of each such company or companies, the policy number or numbers, the effective period(s) and the maximum liability limits for each person and each occurrence, including umbrella or excess insurance coverage, property damage and medical payment coverage.

**<u>ANSWER:</u>**

10.    Do you have any information:

(a) That the Decedent was, within the ten years immediately prior to the occurrences alleged in the complaint, confined in a hospital and/or clinic, treated by a physician and/or health professional, or x-rayed for any reason other than personal injury? If so, state the name and address of each such hospital and/or clinic, physician, technician and/or health care professional, the approximate date of such confinement or service and state the reason for such confinement or service;

(b) That the Decedent had suffered any serious personal injury and/or illness prior to the date of the occurrence?  If so, state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered; and

(c) The basis from which you obtained the information noted in subparagraphs (a) and (b) above.

**ANSWER**:

11.    Were any photographs, movies and/or videotapes taken of the scenes and/or occurrences or of the persons involved in the occurrences alleged in the complaint?  Is so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof and the persons depicted in them, who has custody of them, and the name, address, occupation and employer of the person taking them, or state the mechanical means by which they were taken.

**ANSWER**:

12.____ Have you or (anyone on your behalf or otherwise on behalf of any of the defendants) had any conversation with any person (including but not limited to the plaintiff and or the persons noted in the answers to interrogatories above) at any time with regard to the manner in which the occurrences complained of occurred and/or any facts related to the occurrences complained of, or have you overheard any statements made by any person at any time with regard to the injuries complained of by the plaintiff, the manner in which the injuries

occurred, and/or to the manner in which the occurrences complained of occurred?  If the answer to this interrogatory is in the affirmative, state:

(a) The date or dates of such conversations and/or statements;

(b) The place of such conversations and/or statements;

(c) All persons present for the conversations and/or statements;

(d) The matters and things stated by the person in the conversation and/or statements;

(e) Whether the conversation was oral, written and/or recorded; and

(f) The name and address of the person, person(s) and/or entities in possession of the statement if written and/or recorded.

**ANSWER**:


13.    Do you know of any statements made by any person relating to the occurrence complained of by the plaintiff?  If so, give the name and address of each such witness and the date of each of said statements and state whether such statement is typewritten, handwritten or oral, or by court reporter, and  state the name and address of the person who typewrote, hand-wrote or was the court reporter.

**ANSWER**:


14.    Provide the name, residential and business addresses, telephone numbers, and positions of each witness who will testify at trial and state the subject of each witness' testimony.

**ANSWER**:

15.     Provide the name, residential and business address, telephone number and positions of each opinion witness who will offer testimony and state:

(a)     The subject matter on which the opinion witness is expected to testify;

(b)     The conclusions and/or opinions of the opinion witness and the basis thereof, including reports of the witness, if any;

(c)     The qualifications of each opinion witness, including a *curriculum vitae* and/or resume, if any; and

(d)     the identity of any written reports of the opinion witness regarding this occurrence.

**ANSWER**:


16.     State whether any action, including, but not limited to; disciplinary action, demotion, transfer, change of duties and/or responsibilities, was taken by and/or against any individuals involved in the occurrences alleged in the complaint.  If so, identify the reason for said action, by whom and against whom it was taken, the nature of the action, and the outcome of the action, if any.

**ANSWER**:


17.____ State whether any internal investigation was conducted by and/or on behalf of the defendants in relation to the occurrences at issue in this case.  If so, identify by whom such investigation was conducted, the subject(s) of the investigation, the conclusion(s) and/or finding(s) made as a result of the investigation, whether the investigation is still ongoing, and whether any written report(s) were generated as a result of the investigation and if so the person in possession of such written report(s).

**ANSWER:**

18.    Has the Village of Robbins Police Department and/or its officers been involved in any

litigation during the past ten years?  If so, state:

a)    identity of parties to litigation;

b)    Court location  and docket number;

c)    nature of litigation;

d)    disposition of litigation.

**ANSWER:**

18.    Identify any statements, information and/or documents known to you and requested by any

of the foregoing interrogatories which you claim to be work product or subject to any

common law and/or statutory privilege, and with respect to each interrogatory, specify the

legal basis for the claim.

**ANSWER:**

**LAW OFFICES OF TODD A. HELLER & ASSOCIATES**

By:_____/s/ Andrea J. Beer_____

Attorneys for Plaintiff

_____

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARY LLOYD, as Special Administrator of the )
Estate of PHILLIP LLOYD, deceased, )
           )
           Plaintiff, )
           )
           v. )      Case No.  1:08-cv-2701
           )      Judge St. Eve
AURELIUS COLE and JOHNNY HOLMES, in his )
official capacity as Chief of the VILLAGE OF ROBBINS )
POLICE DEPARTMENT, )
           )
           Defendants. )

**NOTICE OF FILING**

TO:     Gregory E. Rogus
        Anastasios T. Foukas
        Segal McCambridge Singer & Mahoney, Ltd.
        Sears Tower, Suite 5500
        233 South Wacker
        Chicago, IL 60606

       PLEASE TAKE NOTICE that on July 12, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiff's Request for Production, Interrogatories to Defendant, Aurelius Cole and Defendant Johnny Holmes, in his Official Capacity as Chief of the Village of Robbins Police Department, copies of which are served on the above-referenced parties through the Electronic Case Filing System.

                         LAW OFFICES OF TODD A. HELLER & ASSOC.,
                         Attorneys for Plaintiff

                         BY:       /s/ Andrea J. Beer
                                One of the Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

**CERTIFICATE OF SERVICE**

       The undersigned, being first duly sworn on oath, deposes and states that a copy of the foregoing Notice and above-mentioned pleading(s) was/were served on the party(ies) as above-addressed through the Electronic Case Filing system, pursuant to Fed.R.Civ.P.5(a), on July 12, 2008.

                         /s/ Andrea J. Beer
                         As provided by law pursuant to Rule 5(b)(2)(B) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein as true and correct.