IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,<br><br>        Defendants. | Case No. 1:08-cv-02701<br>Judge St. Eve |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, and for her Complaint against Defendants, **AURELIUS COLE**, and **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,** states as follows:

## COUNT I

1. Plaintiff, **MARY LLOYD**, is an adult resident of Cook County, Illinois. She is the surviving mother of the decedent, **PHILLIP LLOYD**.

2. Defendant, **AURELIUS COLE**, is, and all times mentioned was a duly appointed and acting Robbins Police Officer employed by the Robbins Police Department. As such, Defendant, **AURELIUS COLE**, was a duly appointed agent authorized to enforce the laws of the Village of Robbins and the State of Illinois, and was so acting under the color of law of the Village of Robbins and the State of Illinois at all times relevant to this action.

3. Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, employed several police officers, including Defendant, **AURELIUS COLE**, to enforce the laws of the Village of Robbins and the State of Illinois.

4. On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, **PHILLIP LLOYD** was visiting with friends.

5. On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, **AURELIUS COLE**, unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, **PHILLIP LLOYD**.

6. That Defendant, **AURELIUS COLE** had previously wounded Decedent, **PHILLIP LLOYD**, by shooting him in 2004.

7. That prior to the November 18, 2006 incident, Decedent, **PHILLIP LLOYD** was contemplating a civil action against Defendants for the 2004 shooting.

8. Decedent**, PHILLIP LLOYD** and Defendant, **AURELIUS COLE** discussed the 2004 shooting a few hours before the shooting on November 18, 2006.

9. The November 18, 2006 assault was willful and wanton, and maliciously made against Plaintiff's Decedent, **PHILLIP LLOYD**.

10. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

11. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12. Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13. Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**. Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT II

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count II.

9. Count II is brought by Plaintiff against Defendant, AURELIUS COLE for his negligent and wrongful acts, including his negligent and careless handling of a firearm.

10. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

11. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12. Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13. Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**. Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT III

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count III.

9. Count III is brought by Plaintiff against defendant, **AURELIUS COLE**, for his grossly negligent and reckless acts, including his excessive and unnecessary use of force.

10. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

11. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

12. Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

13.　　Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**. Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

　　　　WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT IV

1-8.　　Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count IV.

9.　　Count IV is brought by Plaintiff against Defendant, **AURELIUS COLE**, for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. §1983.

10.　　The above-described actions subjected Decedent, PHILLIP LLOYD, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

11.　　On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12.　　Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.  Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

14.  Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**. Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT V

1-8.  Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count V.

9.  Count V is brought by Plaintiff against Defendant, **AURELIUS COLE**, for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. §1983.

10.  The above-described actions subjected Decedent, PHILLIP LLOYD, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States, and the Fourth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

11.  On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13.     Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

14.     Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **AURELIUS COLE**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT VI

1-8.    Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VI.

9.      Count VI is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for negligence.

10.     The above-described actions of Defendant, **AURELIUS COLE**, resulted from the carelessness and negligence of Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, its agents, servants or other representatives, in hiring, supervising, disciplining and/or failing to train Defendant, **AURELIUS COLE** how to respond to a call, handle a crowd and/or avoid the use of excessive force.

11. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, Plaintiff's Decedent died.

12. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13. Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

14. Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**. Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT VII

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VII.

9. Count VII is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** for negligence.

10. The above-described actions of Defendant, **AURELIUS COLE**, resulted from the carelessness and negligence of Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, its agents, servants or other representatives, in hiring, supervising, disciplining and/or failing to train Defendant, **AURELIUS COLE** how to respond to a call, handle a crowd and/or avoid the use of excessive force.

11. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions and Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

12. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

13. Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

14. Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, and Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE**

**DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit.

## COUNT VIII

1-8.   Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count VIII.

9.   Count VIII is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. §1983.

10.   Plaintiff alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Said policies encouraged the use of deadly and excessive force.

11.   Plaintiff has been informed and believes and consequently alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was also acting under longstanding and widespread customs, practices, and/or policies with respect to improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Under these longstanding customs, practices, and/or policies, personnel were not discouraged from using deadly and excessive force.

12.     The above-described actions subjected Decedent, **PHILLIP LLOYD**, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

13.     On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, and Defendant**, JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

14.     Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

15.     Pursuant to 740 ILCS 180/1, Plaintiff, **MARY LLOYD** as special administrator of the estate of PHILLIP LLOYD, deceased, is entitled to bring this action.

16.     Because of the death of Plaintiff's decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of **PHILLIP LLOYD**.  Moreover, the estate of **PHILLIP LLOYD** has incurred various funeral and burial expenses.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IX

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count IX.

9. Count IX is brought by Plaintiff against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. §1983.

10. Plaintiff alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Said policies encouraged the use of deadly and excessive force.

11. Plaintiff has been informed and believes and consequently alleges on information and belief that Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, at all relevant times was also acting under longstanding and widespread customs, practices, and/or policies with respect to improper training, hiring, supervising controlling, disciplining and or assigning village police officers. Under these longstanding customs, practices, and/or policies, personnel were not discouraged from using deadly and excessive force.

12. The above-described actions subjected Decedent, **PHILLIP LLOYD**, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United

States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

13. On November 18, 2006, as a direct and proximate result of Defendant, **AURELIUS COLE's** aforesaid actions, and Defendant**, JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's Decedent died.

14. Plaintiff, **MARY LLOYD** has been appointed special administrator of the estate of **PHILLIP LLOYD**, deceased, pursuant to court order.

15. Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of **PHILLIP LLOYD**, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

16. Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, **AURELIUS COLE**, and Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**'s, hiring, supervising, disciplining and/or failure to train, Defendant, **AURELIUS COLE**, Plaintiff's decedent, **PHILLIP LLOYD** experienced pain and suffering.

WHEREFORE, Plaintiff, Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, prays for judgment against the Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**, in an amount reasonable and equitable and in excess of the sum of FIFTY

THOUSAND & 00/XX ($50,000.00), plus costs of suit and reasonable attorney's fees pursuant to

42 U.S.C. §1988.

                              Respectfully submitted,
                              **LAW OFFICES OF TODD A. HELLER & ASSOCIATES**


                            By:        /s/ Andrea J. Beer
                                    Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,<br><br>　　　　　　　Defendants. | Case No.  1:08-cv-2701<br>Judge St. Eve |

### NOTICE OF FILING

TO:　Gregory E. Rogus
　　　Anastasios T. Foukas
　　　Segal McCambridge Singer & Mahoney, Ltd.
　　　Sears Tower, Suite 5500
　　　233 South Wacker
　　　Chicago, IL 60606

　　　PLEASE TAKE NOTICE that on July 21, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiff's Second Amended Complaint at Law, copies of which are served on the above-referenced parties through the Electronic Case Filing System.

　　　　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF TODD A. HELLER & ASSOC.,
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　　　BY:　　　/s/ Andrea J. Beer
　　　　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

### CERTIFICATE OF SERVICE

　　　The undersigned, being first duly sworn on oath, deposes and states that a copy of the foregoing Notice and above-mentioned pleading(s) was/were served on the party(ies) as above-addressed through the Electronic Case Filing system, pursuant to Fed.R.Civ.P.5(a), on July 21, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Andrea J. Beer
　　　　　　　　　　　　　　　　　　　　　　　As provided by law pursuant to Rule 5(b)(2)(B) of Fed. Rules
　　　　　　　　　　　　　　　　　　　　　　　of Civil Procedure, I certify that the statements set forth
　　　　　　　　　　　　　　　　　　　　　　　herein as true and correct.