IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, As Special Administrator of the Estate of PHILLIP LLOYD, Deceased, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Court No. 08 CV 2701 |
| ) | |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the Village of Robbins Police Department, ) ) ) ) | Judge St. Eve |
| Defendants. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants Aurelius Cole and Johnny Holmes, in his official capacity as Chief of the Village of Robbins Police Department, by their attorneys, Gregory E. Rogus and Anastasios T. Foukas, and in answer to Plaintiff's Second Amended Complaint at Law, state the following:

### COUNT I

(Prefatory Note: Count I is only directed against Defendant Cole. Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

1. Plaintiff, Mary Lloyd, is an adult resident of Cook County, Illinois. She is the surviving mother of the decedent, Phillip Lloyd.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 1, and on that basis denies same.

2. Defendant, Aurelius Cole, is, and at all times mentioned was a duly appointed and acting Robbins Police Officer employed by the Robbins Police Department. As such, Defendant,

946620

Aurelius Cole, was a duly appointed agent authorized to enforce the laws of the Village of Robbins and the State of Illinois, and was so acting under the color of law of the Village of Robbins and the State of Illinois at all times relevant to this action.

**ANSWER**: Defendant Cole admits the allegations contained in the first sentence of paragraph 2 of Plaintiff's Second Amended Complaint, admits that he was authorized to enforce the laws of the Village of Robbins and State of Illinois, and that he was acting under color of law at all times relevant to this action.

3. Defendant Johnny Holmes in his official capacity as Chief of the Village of Robbins Police Department, employed several police officers, including Defendant, Aurelius Cole, to enforce the laws of the Village of Robbins and the State of Illinois.

**ANSWER**: Defendant Cole denies that he was employed by Johnny Holmes, but admits that he was employed by the Village of Robbins as a police officer to enforce the laws of the Village of Robbins and the State of Illinois and that the Village of Robbins employed several other police officers also to enforce those laws.

4. On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Plaintiff's Decedent, Phillip Lloyd was visiting with friends.

**ANSWER**: Defendant Cole admits that Phillip Lloyd was present on the date, at the approximate time, and at the approximate location alleged, but is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 4, and on that basis denies same.

5. On November 18, 2006, at approximately 4:00 a.m., at or near 13433 South Woodlawn Avenue, Village of Robbins, Cook County, Illinois, Defendant, Aurelius Cole,

2

unlawfully, violently, and wrongfully assaulted, shot and killed Plaintiff's Decedent, Phillip Lloyd.

**ANSWER**: Defendant Cole denies the allegations contained in paragraph 5.

6. That Defendant, Aurelius Cole had previously wounded Decedent, Phillip Lloyd, by shooting him in 2004.

**ANSWER**: Defendant Cole admits that while he and several other Robbins police officers were in the process of responding to a call involving gunshots that occurred in March, 2004, he reasonably and necessarily shot and wounded Phillip Lloyd in self defense and in defense of the lives and safety of others when Phillip Lloyd reached for a gun and/or otherwise engaged in violent, life-threatening, and/or criminally provocative behavior.

7. That prior to the November 18, 2006 incident, Decedent Phillip Lloyd was contemplating civil action against Defendants for the 2004 shooting.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7, and on that basis denies same.

8. Decedent, Phillip Lloyd and Defendant, Aurelius Cole discussed the 2004 shooting a few hours before the shooting on November 18, 2006.

**ANSWER**: Defendant Cole denies the allegations contained in paragraph 8.

9. The November 18, 2006 assault was willful and wanton, and maliciously made against Plaintiff's Decedent, Phillip Lloyd.

**ANSWER**: Defendant Cole denies the allegations contained in paragraph 9.

10. On November 18, 2006, as a direct and proximate result of Defendant, Aurelius Cole's aforesaid actions, Plaintiff's Decedent died.

**ANSWER**: Defendant Cole admits that Phillip Lloyd died, but denies the remaining allegations contained in paragraph 10.

11. Plaintiff, Mary Lloyd has been appointed special administrator of the estate of Phillip Lloyd, deceased, pursuant to court order.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 11, and on that basis denies same.

12. Pursuant to 740 ILCS 180/1, Plaintiff, Mary Lloyd as special administrator of the estate of Phillip Lloyd, deceased, is entitled to bring this action.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 12, and on that basis denies same.

13. Because of the death of Plaintiffs decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of Phillip Lloyd. Moreover, the estate of Phillip Lloyd has incurred various funeral and burial expenses.

**ANSWER**: Defendant Cole denies that the heirs at law and next of kin of Philip Lloyd have been deprived of the loss of support, comfort, society, companionship, and affection of Phillip Lloyd as a result of any wrongful act or omission on Defendant's part. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

4

allegations contained in paragraph 13, and on that basis denies same. To the extent this Count makes a claim for heirs at law who are distinct from Decedent's next of kin, it is subject to a motion to dismiss filed contemporaneously with this answer under Federal Rule of Civil Procedure 12.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNTS II and III

(Prefatory Note: Counts II and III are only directed against Defendant Cole. Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

Defendant Cole has addressed the allegations contained in Counts II and III via a separate motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

## COUNT IV

(Prefatory Note: Count IV is only directed against Defendant Cole. Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count IV.

**ANSWER**: Defendant Cole restates his answers to paragraphs 1-8 of Count I as his answers to paragraphs 1-8 of this Count IV as if fully set forth herein.

9. Count IV is brought by Plaintiff against Defendant, Aurelius Cole for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. § 1983.

**ANSWER**: This paragraph states a legal conclusion to which no answer is required. To the extent that this paragraph requires a response, Defendant Cole admits that Count IV

5

purports to state a claim under 42 U.S.C. §1983 for deprivation of Phillip Lloyd's constitutional rights, but denies that said claim is meritorious.

10. The above-described actions subjected Decedent, Phillip Lloyd, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

**ANSWER**: To the extent Count IV purports to assert a separate substantive claim predicated upon the due process clause of the Fourteenth Amendment, it is subject to a motion to dismiss filed contemporaneously with this answer under Federal Rule of Civil Procedure 12. Defendant Cole denies the remaining allegations contained in paragraph 10.

11. On November 18, 2006, as a direct and proximate result of Defendant, Aurelius Cole's aforesaid actions, Plaintiff's Decedent died.

**ANSWER**: Defendant Cole admits that Phillip Lloyd died, but denies the remaining allegations contained in paragraph 11.

12. Plaintiff, Mary Lloyd has been appointed special administrator of the estate of Phillip Lloyd, deceased, pursuant to court order.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 12, and on that basis denies same.

13. Pursuant to 740 ILCS 180/1, Plaintiff, Mary Lloyd as special administrator of the estate of Phillip Lloyd deceased, is entitled to bring this action.

6

**ANSWER**:   Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 13 and on that basis denies same.

14.   Because of the death of Plaintiffs decedent, the heirs at law and next of kin have each been deprived of the loss of support, comfort, society, companionship and affection of Phillip Lloyd. Moreover, the estate of Phillip Lloyd has incurred various funeral and burial expenses.

**ANSWER**:   Defendant Cole denies that the heirs at law and next of kin of Philip Lloyd have been deprived of the loss of support, comfort, society, companionship, and affection of Phillip Lloyd as a result of any wrongful act or omission on Defendant's part.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies same. To the extent this Count makes a claim for heirs at law who are distinct from Decedent's next of kin, it is subject to a motion to dismiss filed contemporaneously with this answer under Federal Rule of Civil Procedure 12.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever.  Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

### COUNT V

(Prefatory Note:  Count V is only directed against Defendant Cole.  Accordingly, Defendant Holmes, in his official capacity, makes no answer thereto.)

1-8.   Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count V.

**ANSWER**: Defendant Cole restates his answers to paragraphs 1-8 of Count I as his answers to paragraphs 1-8 of this Count V as if fully set forth herein.

9. Count V is brought by Plaintiff against Defendant, Aurelius Cole for deprivation of Decedent's constitutional rights within the meaning of 42 U.S.C. § 1983.

**ANSWER**: This paragraph states a legal conclusion to which no answer is required. To the extent that the paragraph requires a response, Defendant Cole admits that Count V purports to state a claim under 42 U.S.C. §1983 for deprivation of Phillip Lloyd's constitutional rights, but denies that said claim is meritorious.

10. The above-described actions subjected Decedent, Phillip Lloyd, to a deprivation of rights and privileges secured to Decedent by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to Constitution of the United States and the Fourth Amendment of the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

**ANSWER**: To the extent Count V purports to assert a separate substantive claim predicated upon the due process clause of the Fourteenth Amendment, it is subject to a motion to dismiss filed contemporaneously with this answer. Defendant Cole denies the remaining allegations contained in paragraph 10.

11. On November 18, 2006, as a direct and proximate result of Defendant, Aurelius Cole's aforesaid actions, Plaintiff's Decedent died.

**ANSWER**: Defendant Cole admits that Phillip Lloyd died, but denies the remaining allegations contained in paragraph 11.

12. Plaintiff, Mary Lloyd has been appointed special administrator of the estate of Phillip Lloyd, deceased, pursuant to court order.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 11, and on that basis denies same.

13. Pursuant to 755 ILCS 5/27-6, Plaintiff, as special administrator of the Estate of Phillip Lloyd, deceased, is entitled to bring this action in her capacity as legal representative of the decedent's estate.

**ANSWER**: Defendant Cole is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 13, and on that basis denies same.

14. Prior to his death, as a direct and proximate result of the improper and unlawful actions of Defendant, Aurelius Cole, Plaintiff's decedent, Phillip Lloyd experienced pain and suffering.

**ANSWER**: Defendant Cole denies the allegations contained in paragraph 14.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

## COUNTS VI, VII, VIII and IX

(Prefatory note: Counts VI through IX are only directed against Defendant Holmes in his official capacity. Accordingly, Defendant Cole makes no answer thereto.)

Defendant Holmes in his official capacity has addressed the allegations contained in Counts VI, VII, VIII and IX via a separate motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

To the extent any of these counts, or any portion thereof, may be construed as a claim against Defendant Cole, Defendant Cole joins in Defendant Holmes' motion to dismiss.

## FIRST AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. One or more members of the group fired weapons at Defendant Cole.

4. In responding to the assault and weapons fire, Defendant Cole was engaged in the execution and enforcement of the law.

5. Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

6. Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

7. Defendant Cole is, therefore, immunized from any liability under Count I of the Second Amended Complaint at Law pursuant to 745 ILCS 10/2-202.

## SECOND AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. One or more members of the group fired weapons at Defendant Cole.

4. Pursuant to 720 ILCS 5/7-1, Defendant Cole was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Plaintiff's Decedent or others present acting at the Decedent's direction or on the Decedent's behalf.

5. Defendant Cole's use of force, under the circumstances, was not willful and wanton, or malicious.

6. Defendant Cole is, therefore, immunized from any liability under Count I of the Second Amended Complaint at Law pursuant to 720 ILCS 5/7-1(b).

### THIRD AFFIRMATIVE DEFENSE

1. On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2. While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3. Defendant Cole was legally justified and authorized to use such force as he reasonably believed necessary to defend himself against the unlawful use of force by others, including Phillip Lloyd or others present acting at the Decedent's direction or on the Decedent's behalf.

4. Defendant Cole reasonably believed it was necessary to use force, including deadly force, to defend himself against the unlawful use of force by others, including Phillip Lloyd or others present acting at the Decedent's direction or on the Decedent's behalf.

5. Defendant Cole's use of force, under the circumstances, did not violate any clearly established law, nor did it deprive Phillip Lloyd of any clearly established constitutional rights.

11

6.  Defendant Cole is, therefore, entitled to qualified immunity with regard to Counts IV and V of Plaintiff's Second Amended Complaint because his actions did not violate any of the Decedent's clearly established constitutional rights, and/or because a reasonable police officer could have reasonably believed that the actions taken by Defendant Cole were, under the facts and circumstances with which he was confronted, reasonable.

## FOURTH AFFIRMATIVE DEFENSE

1.  On the date and at the time and place as alleged, Defendant Cole, a police officer for the Village of Robbins, was on patrol within the village limits of Robbins.

2.  While on patrol, Defendant Cole was accosted and assaulted by a group of individuals, including Phillip Lloyd.

3.  One or more members of the group fired weapons at Defendant Cole.

4.  At the aforesaid time and place, Plaintiff's Decedent Phillip Lloyd willfully and wantonly, and/or maliciously, committed one or more of the following acts or omissions:

    (a)  Fired a weapon at Aurelius Cole, knowing that Officer Cole was a police officer for the Village of Robbins;

    (b)  Fired a weapon at Aurelius Cole, without having any legal authorization or justification for doing so;

    (c)  Instructed, directed, ordered, encouraged, or requested other persons present to shoot Officer Cole;

    (d)  Instructed, directed, ordered, encouraged, or requested other persons present to kill Officer Cole;

    (e)  Failed to prevent other persons present from shooting or attempting to shoot Officer Cole;

    (f)  Agreed or conspired with other persons present to shoot Officer Cole.

5. As a result of one or more of the willful and wanton, or malicious acts or omissions, described above, Plaintiff's Decedent Phillip Lloyd contributed to causing his own injuries and death.

6. Phillip Lloyd's contributory fault constituted more than 50% of the proximate cause of the injuries or damages for which recovery is sought.

7. The Plaintiff is barred from recovering any damages against Defendant Cole under Count I of the Second Amended Complaint, pursuant to §2-1116 of the Code of Civil Procedure.

### **FIFTH AFFIRMATIVE DEFENSE**

1-5. Defendant Cole restates paragraphs 1-5 of the Fourth Affirmative Defense as paragraphs 1-5 of this Fifth Affirmative Defense as though fully set forth herein.

6. If the trier of fact finds that Phillip Lloyd's contributory fault is not more than 50% of the proximate cause of the injuries or damages for which recovery is sought, any damages to be awarded against Defendant Cole under Count I of the Second Amended Complaint shall be diminished in proportion to the amount of fault attributable to Phillip Lloyd.

WHEREFORE, Defendant Aurelius Cole denies that Plaintiff is entitled to judgment in any amount whatsoever. Defendant prays that judgment be entered instead in Defendant's favor and against the Plaintiff, and that Defendant be awarded his costs.

Respectfully submitted,

Segal McCambridge Singer Mahoney, LTD.

By: ___/s/ Gregory E. Rogus___
     Attorneys for Defendants Aurelius Cole
     and Johnny Holmes, in his official capacity
     as Chief of the Village of Robbins
     Police Department

Gregory E. Rogus, Esq.
Anastasios T. Foukas, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL  60606
(312) 645-7800
1045582