IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased,<br><br>               Plaintiff,<br><br>   v.<br><br>AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT,<br><br>               Defendants. | Case No. 1:08-cv-02701<br>Judge St. Eve |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE
AND/OR DISMISS CERTAIN PORTIONS OF PLAINTIFF'S SECOND AMENDED
COMPLAINT AT LAW**

NOW COMES the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, by and through her attorneys, LAW OFFICES OF TODD A. HELLER & ASSOCIATES and SHELDON L. BANKS, in response to the Defendants' Motion to Strike and/or Dismiss Certain Portions of Plaintiff's Second Amended Complaint at Law, and states:

## BACKGROUND

On the early morning of November 18, 2006, Decedent, PHILLIP LLOYD, was with his friends at Posen Pub in Robbins, Illinois. He saw Defendant AURELIUS COLE in the parking lot and had a conversation with him regarding an incident in 2004 during which Officer Cole shot Decedent. Decedent, PHILLIP LLOYD was considering filing a civil case for injuries he suffered due to the 2004 shooting. Decedent left with his friends and went to the home he shared with his fiancé.

Later that morning, at approximately 4:00 a.m., decedent, PHILLIP LLOYD met some family and friends at a public housing complex located at 135th Street and South Woodlawn Avenue in Robbins, Illinois. Defendant, AURELIUS COLE, arrived in his squad car and he had another conversation with the Decedent, PHILLIP LLOYD. The situation escalated and shots were fired by a third party and Officer Cole. Defendant, AURELIUS COLE shot Decedent, PHILLIP LLOYD and he died at the scene.

According to the Clerk of the Circuit Court of Cook County's website, three lawsuits have been filed against the Robbins Police Department since 2005, in addition to the instant case. The cases are as follows: <u>Hughes v. Village of Robbins et al.</u>, Court Number 2005 L 12010; <u>Dukes et al. v. Jose et al.</u>, Court Number 2006 L 968; and <u>McKinney et al. v. Lloyd et al.</u>, Court Number 2008 L 6025.

The subject case was originally filed in the Circuit Court of Cook County, Illinois, County Department, Law Division. On May 6, 2008, Plaintiff filed her First Amended Complaint at Law. Defendants timely removed the case to this Court due to the addition of federal claims in the First Amended Complaint at Law.

Defendants filed a Motion to Dismiss Counts III and IV of the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed her Response, conceding that the Counts were deficient and sought leave to file her Second Amended Complaint at Law. On July 15, 2008, this Court granted Plaintiff leave to file her Second Amended Complaint at Law, which Plaintiff filed on July 21, 2008.

Defendant, AURELIUS COLE has filed his Answer to certain portions of Plaintiff's Second Amended Complaint at Law. Defendants, AURELIUS COLE and JOHNNY HOLMES, in his

official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, have filed their Motion to Strike and/or Dismiss Certain Portions of Plaintiff's Second Amended Complaint at Law, regarding certain portions of Plaintiffs' Second Amended Complaint at Law.

Count II of Plaintiff's Second Amended Complaint at Law directed to Defendant, AURELIUS COLE alleges "negligent and wrongful acts". Plaintiff concedes that Officer COLE is immunized under the Illinois Local Government and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"), 745 ILCS 10/2-202, and therefore should be stricken and/or dismissed.

Count III of Plaintiff's Second Amended Complaint at Law directed to Defendant, AURELIUS COLE alleges "grossly negligent and reckless acts, including excessive and unnecessary use of force".

Counts IV and V of Plaintiff's Second Amended Complaint at Law directed to Defendant, AURELIUS COLE allege deprivation of Decedent Phillip Lloyd's rights under the Fourth and Fourteenth Amendments. Officer Cole filed an Answer to these Counts but seeks to strike certain portions of these claims raised under the due process clause of the Fourteenth Amendment.

Counts VI and VII of Plaintiff's Second Amended Complaint at Law assert state law claims against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT**. Counts VIII and IX of Plaintiff's Second Amended Complaint at Law assert claims against Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT** pursuant to 42 U.S.C. §1983 (Westlaw 2008).

**STANDARD OF REVIEW**

In ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pled allegations as true and draw all reasonable inferences in favor of the

plaintiff. Furthermore, the court may dismiss the case "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. Lara v. City of Chicago, 968 F. Supp. 1278, 1283-1284 (N.D. Ill. 1997). Thus, the motion should be denied unless there are no facts consistent with the allegations of the complaint that could form the basis of relief. Hishon v. King & Spalding, 467 U.S. 69, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). Additionally, the court must take the well-pled allegations of the complaint and all reasonable inferences therefrom in the light most favorable to the plaintiff. Chaney v. City of Chicago, 901 F. Supp. 266, 268 (N.D. Ill. 1995).

Furthermore, a complaint need not set forth all relevant facts or recite the law. All that is required is a short and plain statement showing that the plaintiff is entitled to relief. In fact, under the notice pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure conclusions may be pleaded as long as the defendant is given minimal notice of the claim. Jackson v. Marion County, 66 F.3d 151, 153-154 (7th Cir. 1995); Boyce v. Fairman, 24 F. Supp. 2d 880, 883 (N.D. Ill. 1998).

**I.     Plaintiff concedes that Count II fails to state a claim against Defendant, AURELIUS COLE because he is entitled to immunity under the Tort Immunity Act for negligent acts.**

In reviewing the statutes cited by Defendants, Plaintiff concedes that the Tort Immunity Act immunizes Defendant, AURELIUS COLE for negligent acts committed while he executing or enforcing the law.

**II.    Count III states a separate claim and is not duplicative of Count I.**

Plaintiff concedes that Illinois does not recognize an independent tort for "gross negligence." Catalan v. RBC Mortgage Co., 05 C 6920, 2008 WL 2741159 (N.D. Ill. 2008). The Catalan court determined that a claim for willful and wanton conduct "is more consistent with Illinois law." Id. However, Plaintiff disagrees that Count III is duplicative of Count I, and further states that Count I

4

alleges assault and battery, and Count III alleges the reckless acts of excessive and unnecessary use of force - a state law claim for willful and wanton excessive force.

Therefore, while Plaintiff concedes that "gross negligence" should be stricken from Count III of her Second Amended Complaint at Law, the remaining portions of Count III should not be stricken and/or dismissed as being duplicative of Count I.

**III.    Counts VI and VII do not attempt to hold Chief Holmes personally liable for the injuries caused by another person.  Furthermore, Counts VI and VII allege liability for ministerial actions by Johnny Holmes, in his Official Capacity as Chief of the Village of Robbins Police Department.**

Defendants continue to assert that Plaintiff is attempting to allege that Chief Holmes is liable on *respondeat superior* grounds for Defendant, AURELIUS COLE and that is not true.  In fact, Defendants do not cite any case law that states that "the term 'official capacity' is not used in litigation based on Illinois law."

A suit against an individual in his official capacity is to be treated as a suit against the governmental entity for which the individual is a part.   Schlicher v. Board of Fire and Police Commissioners of Village of Westmont, 363 Ill. App. 3d 869, 883, 845 N.E.2d 55, 67 (2nd Dist. 2006) *citing* Kentucky v. Graham, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 (1985).   No distinction was made for §1983 or other claims.

Plaintiff agrees that the Tort Immunity Act immunizes an official for discretionary actions. Plaintiff asserts that the negligent disciplining and/or failure to train Defendant, AURELIUS COLE was ministerial, and not discretionary.  The distinction between ministerial and discretionary acts cannot be determined by applying a formula and must be made on a case-by-case basis. Johnson v. Mers, 279 Ill. App. 372, 380, 664 N.E.2d 668, 675 (2nd Dist. 1996).  Immunity under the Tort Immunity Act will not apply if the plaintiff's injury is due to an act or omission by a defendant that

is ministerial in nature. Trotter v. School District 218, 315 Ill. App. 3d 1, 13, 733 N.E.2d 363, 374 (1st Dist. 2000).

In Trotter, the court held that the failure of the defendant school district to provide adequately trained instructors and to conduct class in a reasonably safe and skillful manner was ministerial in nature and the school district was not entitled to immunity. Id. at 15, 13, 733 N.E.2d at 375. Therefore, in the subject case, Defendant, **JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT's** failure to provide adequate training and discipline to Defendant, **AURELIUS COLE** was ministerial in nature and therefore should not entitle Defendant to immunity. Defendant, COLE's inability to respond to a call, handle a crowd and avoid the use of excessive force was the proximate cause of Decedent's fatal injuries.

**IV.    Plaintiff's claims against Chief Holmes in his official capacity meet the standard of pleading under Rule 8(a) of the Federal Rules of Procedure and *Bell Atlantic Corporation v. Twombly*.**

In terms of the action against the Defendants in their official capacities, the complaint must allege that the deprivation was caused by an official policy, custom or usage of the municipality. Monell v. Department of Social Services of New York City, 436 U.S. 658, 98 S. Ct. 2018, 2037-2038, 56 L. Ed. 2d 611 (1978). There are three ways that a municipality's policies may violate an individuals civil rights. These are: (1) an express policy that causes a deprivation when enforced; (2) a widespread practice that although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the injury was caused by a person with final decision-making authority. Harrell v. Sheahan, 937 F. Supp. 754, 759 (N.D. Ill. 1996).

Since this is merely the pleading stage of the litigation, all that is necessary is for the plaintiff to give the defendant fair notice of what the claim is and the grounds upon which it rests. Boyce v.

Fairman, 24 F. Supp. 2d 880, 883 (N.D. Ill. 1998). As in Boyce, Plaintiff's allegations of an "official policy, custom and/or useage" are sufficient to state a cause of action against the Defendant in his official capacity.

Counts VIII and IX of Plaintiff's Second Amended Complaint at Law makes allegations regarding the customs policies and/or procedures of the Defendant and how they caused and/or contributed to Decedent's death. As stated in Boyce, these allegations a sufficient to state a cause of action at this stage of litigation. More information will be obtained through the discovery process and these allegations will be plead with greater specificity in time.

**V.   The portions of Counts IV, V, VIII, and IX that allege deprivation of Phillip Lloyd's rights under the due process clause of the Fourteenth Amendment fail to state a claim against either Defendant and should be stricken.**

Plaintiff agrees that under current case law, claims asserting Fourth Amendment excessive force claims should be analyzed under the Fourth Amendment standards and not the due process clause of the Fourteenth Amendment. Therefore, the portions of the subject Counts asserting violation of Decedent Phillip Lloyd's rights under the due process clause of the Fourteenth Amendment should be stricken.

**VI.   Plaintiff concedes that only the heirs at law and the next of kin can recover damages under the Illinois Wrongful Death Act, but she asserts that other family members can still recover for loss of society under the other state law claims.**

Plaintiff concedes that the ruling in Means v. City of Chicago, 535 F. Supp. 455, 465 (N.D. Ill. 1982) only allows heirs and next of kin to recover damages under the Illinois Wrongful Death Act. Plaintiff asserts that other family members can recover for loss of society if she recovers damages under her other state law claims. Woltering v. Outboard Marine Corporation, 245 Ill. App. 3d 684, 615 N.E.2d 86 (5th Dist. 1993). Loss of society damages are recoverable for the death of an adult

child.  Id. at 688, 615 N.E.2d at 89.  In addition, loss of a sibling's society is a pecuniary injury that is recoverable if damages are proven.  Id. at 689, 615 N.E.2d at 89.

    WHEREFORE, the Plaintiff, **MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD deceased**, respectfully prays that this Honorable Court enter an order denying the Defendants' Motion to Strike and/or Dismiss Certain Portions of Plaintiff's Second Amended Complaint at Law and/or grant the Plaintiff leave to file her Third Amended Complaint at Law.

        Respectfully submitted,
        **LAW OFFICES OF TODD A. HELLER & ASSOCIATES**


        By: _____/s/ Andrea J. Beer_____
               Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY LLOYD, as Special Administrator of the Estate of PHILLIP LLOYD, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-2701 Judge St. Eve |
| AURELIUS COLE and JOHNNY HOLMES, in his official capacity as Chief of the VILLAGE OF ROBBINS POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO: Gregory E. Rogus
Anastasios T. Foukas
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 South Wacker
Chicago, IL 60606

PLEASE TAKE NOTICE that on September 2, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiff's Response to Defendants' Motion to Strike and/or Dismiss Certain Portions of Plaintiff's Second Amended Complaint at Law, copies of which are served on the above-referenced parties through the Electronic Case Filing System.

LAW OFFICES OF TODD A. HELLER & ASSOC.,
Attorneys for Plaintiff

BY:      /s/ Andrea J. Beer
         One of the Attorneys for Plaintiff

Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax

### CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that a copy of the foregoing Notice and above-mentioned pleading(s) was/were served on the party(ies) as above-addressed through the Electronic Case Filing system, pursuant to Fed.R.Civ.P.5(a), on September 2, 2008.

                                    /s/ Andrea J. Beer
                              As provided by law pursuant to Rule 5(b)(2)(B) of Fed. Rules
                              of Civil Procedure, I certify that the statements set forth
                              herein as true and correct.